10466. HARTLEY *et al. v.* FOLDS.

SMITH, J. 1. "All claims arising ex contractu between the same parties may be joined in the same action, and all claims arising ex delicto may in like manner be joined." Civil Code (1910), § 5521; *Hillside Cotton Mills* v. *Ellis,* 23 *Ga. App* 45 (4), 46 (97 S. E. 459). Claims arising ex contractu can not be joined in the same suit with claims arising ex delicto. *Wolff* v. *Southern Ry. Co.,* 130 *Ga.* 251 (60 S. E. 569).

2. The cause of action upon which the plaintiff sought to recover the profits which would have arisen from the purchased timber had not the defendant breached the contract of sale was a claim ex contractu. The cause of action upon which the plaintiff sought to recover damages arising from the alleged destruction by the defendants of the plaintiff's lumber and sawmill was a claim ex delicto.

3. An action based upon a claim ex contractu can not by amendment be converted into an action ex delicto. Civil Code (1910), § 5683; *Sharpe* v. *Columbus Iron Works Co.,* 136 *Ga.* 483 (71 S. E. 787).

4. In this case the court erred in allowing the amendment by which it was sought to convert the claim sued on ex contractu into an action ex delicto; and in overruling the demurrer based upon the ground that the petition contained a misjoinder of causes of action.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
DECIDED NOVEMBER 19, 1919.

Action for damages; from city court of Carrollton—Judge Beall. March 14, 1919.

Folds sued Hartley and others, alleging, that he had purchased of them the sawing timber on a described tract of land; that under the contract he was to deliver to the defendants, as payment for the timber purchased, a stated quantity of the lumber and shingles which he was to saw from the timber on the said premises; that in accordance with the terms of the contract he moved his mill upon the premises, began sawing, and delivered to the defendants a portion of the lumber; and the defendants breached the contract by preventing him from cutting or sawing the remaining portion of the purchased timber, and from entering further upon the premises. He alleged also that on August 29, 1917, his mill "was burned by the defendants, and destroyed, and 15,000 feet of lumber." He claimed damages "by reason of the breach of said contract," as follows: (1) the net value to him of the remaining unsawed timber; (2) the value of the timber already sawed; and (3) the value of the sawmill which "was destroyed by fire set by the defendants;" each separately itemized, and all aggregating a stated sum, less a credit represented by the value of the lumber and shingles which still remained undelivered under the terms of the contract of sale. The demurrer to the petition was based partly upon the ground that there was a misjoinder of causes of action. The petitioner amended the petition by striking subsection (k) of paragraph 2, which read as follows: "Your petitioner shows, therefore, that he has been damaged by reason of the said breach of the contract in the above-stated manner, for the following reason," and substituting the following: "Your petitioner therefore alleges that by reason of the torts aforesaid he has been damaged as hereinbefore and hereinafter set out." This amendment was allowed over the defendants' objection, and the court overruled the demurrer to the petition as amended. To these rulings exceptions were taken.

*Smith & Smith,* for plaintiffs in error.

*S. Holderness, Buford Boykin,* contra.