### ALEXANDER *v.* DEAN *et al.,* executors.

1. The trial court and the Court of Appeals properly held that the case as brought was a suit in trover, and that the cause of action stated was one ex delicto.
2. The cause of action, being one ex delicto, abated with the death of the tort-feasor, no suit having been brought until after his death.
3. The Court of Appeals did not err in affirming the judgment of the court below.

No. 3683.   January 17, 1924.

Certiorari; from Court of Appeals.   29 *Ga. App.* 722.

*M. B. Eubanks* and *James Maddox,* for plaintiff.

*Denny & Wright,* for defendants.

Beck, P. J.   Alexander brought suit in the City Court of Floyd County against H. A. Dean and others, executors of Felix Corput, and obtained judgment against the executors. A motion for new trial was filed, which was granted. Before the next trial an amendment to the petition was filed; and to the petition as amended the defendants filed a general demurrer, upon the ground that the petition should be construed as setting forth an action in trover, that the same showed upon its face that the tort-feasor died prior to the filing of the suit, and that consequently the cause of action abated. The court sustained the demurrer and dismissed the petition. The plaintiff excepted, suing out a writ of error to the Court of Appeals. That court rendered a judgment affirming the judgment of the court below, deciding that the case as set forth in the petition was an action in trover; that the action having been brought against the executors for a conversion by their testator, who had disposed of the property by sale and died before the bringing of the suit, it was not maintain-

able against his executors; that the cause of action, being one ex delicto, abated with the death of the tort-feasor. The court further ruled that the provisions of § 4421 of the Civil Code "do not apply to causes of action, but merely to actions;" that the provisions of the section last referred to, that no action for a tort shall abate by the death of either party, where the wrong-doer received any benefit from the tort complained of, "do not prevent an abatement of a right of action in trover upon the death of the tort-feasor, notwithstanding the sale of the property by the latter; no suit having been begun against the tort-feasor, but only against the administrator;" and, further, that "it would be otherwise if the plaintiff, waiving the tort, had sued for the proceeds of the sale as for money had and received." Plaintiff sued out a writ of certiorari to the Supreme Court, excepting to the judgment of the Court of Appeals.

We are of the opinion that the trial court and the Court of Appeals properly construed the action to be one in trover. And the allegations of the petition show that the property in question was converted to his use by Corput prior to his death; and that being true, the cause of action did not survive the alleged tort-feasor. *Smith* v. *Jones,* 138 *Ga.* 716 (76 S. E. 40). The action of trover is, strictly speaking, an action ex delicto. That has been decided more than once by this court. *Blocker* v. *Boswell,* 109 *Ga.* 230 (34 S. E. 289). And that trover will lie only in those cases where at common law the actions of detinue, replevin, and trover would lie, likewise has been held by this court. *Mitchell* v. *Georgia & Alabama Ry.,* 111 *Ga.* 760 (36 S. E. 971, 51 L. R. A. 622). At common law it was an established principle that the right of action in all actions ex delicto died with the person. In the case of Hambly *v.* Trott, decided February 12, 1776, 1 Cowper's Reports, 371, it was said, Lord Mansfield delivering the opinion: "In trover against an administrator cum testamento annexo, the declaration laid the conversion by the testator in his lifetime; plea, that the testator was not guilty; verdict for the plaintiff. Mr. Kirby had moved in arrest of judgment, upon the ground of this being a personal tort, which dies with the person; . . Afterwards, on Monday, February 12th, in this term, Lord Mansfield delivered the unanimous opinion of the court as follows:

"This was an action of trover against an administrator with

the will annexed. The trover and conversion were both charged to have been committed by the testator in his lifetime. The plea pleaded was that the testator was not guilty. A verdict was found for the plaintiffs, and a motion has been made in arrest of judgment, because this is a tort for which an executor or administrator is not liable to answer. The maxim, *actio personalis moritur cum persona,* upon which the objection is founded, not being generally true, and much less universally so, leaves the law undefined as to the kind of personal actions which die with the person, or survive against the executor. An action of trover, being in form a fiction, and in substance founded on property, for the equitable purpose of recovering the value of the plaintiff's specific property used and enjoyed by the defendant, if no other action could be brought against the executor, it seems unjust and inconvenient that the testator's effects should not be liable for the value of what belonged to another man, which the testator had reaped the benefit of. We therefore thought the matter well deserved consideration. We have carefully looked into all the cases upon the subject. To state and go through them all would be tedious and tend rather to confound than elucidate. Upon the whole, I think these conclusions may be drawn from them. . . There are express authorities that trover and conversion does not lie against the executor. I mean where the conversion is by the testator. Sir William Jones, 173-4; Palmer, 330. There is no saying that it does. The form of the plea is decisive, viz., that the testator was not guilty, and the issue is to try the guilt of the testator. And no mischief is done, for so far as the cause of action does not arise ex delicto, or ex maleficio of the testator, but is founded in a duty, which the testator owes the plaintiff upon principles of civil obligation, another form of action may be brought, as an action for money had and received. Therefore we are all of opinion that the judgment must be arrested."

This decision was rendered prior to the time fixed by our adopting statute at which the common law of England would be adopted as the law of the State. In the case of *Parrott* v. *DuBignon, T. U. P. Charlton's Reports,* 261, it was said: "It is settled by the case of Hambly *v.* Trott, Cowp. 371, that trover does not lie against an executor for a conversion by his testator; and on this point the expressions of Lord Mansfield are these: 'No action,

where in form the declaration must be *quare vi et armis et contra pacem,* or where the plea must be, as in this case, that the testator was not guilty, can lie against the executor. Upon the face of the record, the cause of the action arises ex delicto, and all private criminal injuries or wrongs, as well as public crimes, are buried with the offender.'" And in the case of *Woods* v. *Howell,* 17 *Ga.* 496, it was said: "It was undoubtedly the rule at common law, that where the action 'was founded upon any *malfeasance* or *misfeasance,* was a *tort,* or arose *ex delicto,*' such, for example, as trespass for taking goods, trover, false imprisonment, assault and battery, slander, etc., the maxim, *actio personalis moritur cum persona* applied. The statute 4 Edw. III. ch. 7, so far modified this rule, as to permit executors, etc., to 'have an action for trespass done to their testators, as of the goods and chattels of the said testators carried away in their life.' And it seems also to have been well settled, that where the deceased, by a tortious act, acquired the property of the plaintiff by converting it to his own use, and the estate of the deceased was thus benefited, although no action of trover or trespass would lie, yet the law would afford the plaintiff *some form of action.* (Kinsey *vs.* Heyward, 1 Cowp. 375. Cravath *vs.* Plympton, adm'r., 13 Mass. 453. Hambly *vs.* Trott, 1 Cowp. 373.)" The common law of force prior to May 14, 1776, was adopted as the law of this State by the act of February 25, 1784, except where modified by statute or not adjusted to the conditions or system of government existing here. *Harris* v. *Powers,* 129 *Ga.* 74 (58 S. E. 1038, 12 Ann. Cas. 475). And the decisions of the English courts prior to that date are recognized by our court as controlling authority in this State. *McMillan* v. *Harris,* 110 *Ga.* 72 (35 S. E. 334, 48 L. R. A. 345, 78 Am. St. R. 93); *Thrower* v. *State,* 117 *Ga.* 753 (45 S. E. 126). As we see from the excerpt from the case of *Woods* v. *Howell,* it was held, that, "although no action of trover or trespass would lie, yet the law would afford the plaintiff some form of action." And this ruling is restated in the decision in the present case by the Court of Appeals, where that court, after ruling that the right of action did not survive the alleged tort-feasor, held that it would be "otherwise if the plaintiff, waiving the tort, had sued for the proceeds of the sale as for money had and received."

*Judgment affirmed. All the Justices concur.*