### 15097.   COX *v.* BURT.

The action was properly dismissed on demurrer, on the ground that there was a misjoinder of causes of action, in attempting to recover for both a breach of contract and a tort.

DECIDED APRIL 19, 1924.

Action for damages; from city court of Carrollton—Judge Hood. September 29, 1923.

The action was for $1,206.35 damages. The amended petition, in substance, alleged: that plaintiff contracted to work for defendant as a share-cropper on halves; that plaintiff "has a large family and was able to operate a two-horse farm without the labor" of himself, "which was known and discussed with said defendant, and said defendant further contracted and agreed that he would hire your petitioner during all of the time that he was not needed in his own crop, and pay him cash therefor;" that from March 26, 1923, "he was not needed in his own crop, . . had sufficient force to cultivate said lands rented, and did properly cultivate them, and said defendant failed and refused to allow your petitioner to work for him as he had contracted and agreed to do;" that on said date defendant placed an advertisement in a weekly newspaper of the county, warning all persons not to hire or harbor plaintiff "under penalty of the law;" that plaintiff was damaged by such wilful and malicious injury to his credit and reputation in the community in the sum of $1,000; that from March 26, 1923, to August 14, 1923, plaintiff's "services were rea-

sonably worth the sum of $206.35, and that by failure of said defendant to carry out his part of said contract and allow your petitioner to work, and his advertisement about your petitioner, preventing other people from employing him, has injured and damaged him in the sum of $206.35 as aforesaid, which he sues for as actual damage;" that plaintiff applied for work to two named persons "and other people, and they stated to him that they would give him work but for said advertisement, that they ·needed a hand, but [were] afraid to employ him by reason.thereof," that plaintiff "did all in his power to obtain work and lessen said damage, and that he was unable to do so, and that the breach of all the contract aforesaid was done by the said defendant without fault upon his part;" that "defendant's failure to carry out his part of said contract and furnish him money as he had contracted and agreed to do has greatly humiliated and embarrassed your petitioner, . . prevented your petitioner from earning a livelihood, and all of said acts of said defendant [were] done without cause and justification, and wilfully and maliciously, for the purpose of injuring and damaging your petitioner;" and that plaintiff "carried out his part·of said contract to the letter, and the breach of said contract upon the part of said defendant and all of his wilful acts and conduct [were] done without cause and justification." Defendant demurred to the petition, on the grounds: that it set forth no cause of action; that there was a misjoinder of causes of action in attempting to recover both for a breach of contract and for a tort; and that the allegations with reference to a contract, under which defendant was to hire plaintiff, were too vague and indefinite, did not set up plaintiff's wages per day or month, or what kind of work the defendant agreed to give. The court sustained this demurrer.

*Smith & Taylor,* for plaintiff.

*Smith & Millican,* for defendant.

JENKINS, P. J. (After stating the foregoing facts.) The intention of the plaintiff, as manifested by the expressions quoted from the petition, in the statement of facts, seems clearly to indicate that as to the $206.35 item he based his right of recovery upon the defendant's breach of the alleged contract set forth therein; and since no amendment was offered, striking or modifying either of the two items of damages sought to be recovered, the

petition was properly dismissed as embracing a misjoinder of actions. *Wolff* v. *So. Ry. Co.,* 130 *Ga.* 251 (60 S. E. 569); *Hartley* v. *Folds,* 24 *Ga. App.* 456 (101 S. E. 130).

      *Judgment affirmed. Stephens and Bell, JJ., concur.*