## 20027. DARNELL *v.* TONEY.

DECIDED JULY 21, 1930.

*Joseph M. Lang,* for plaintiff.

*J. H. Paschall, J. G. B. Erwin Jr.,* for defendant.

BELL, J. (After stating the foregoing facts.)

■ Our former decision adjudicated that the petition stated a cause of action as against J. A. Toney individually, and as to that question the decision has become the law of the case. We now hold that the petition also set forth a cause of action against him as administrator. "A contract by which one of the contracting parties agrees with the other that he will make a will containing a legacy fully compensating the latter for services rendered and to be rendered to the former during his lifetime is valid and enforceable." *Banks* v. *Howard,* 117 *Ga.* 94 (43 S. E. 438) ; *Waters* v. *Waters,* 167 *Ga.* 389 (2) (145 S. E. 460) ; *Hill* v. *Hill,* 149 *Ga.* 50 (99 S. E. 31) ; *Gordon* v. *Spellman,* 145 *Ga.* 682 (89 S. E. 749, Ann. Cas. 1918A, 852) ; *Bell* v. *Lazenby,* 126 *Ga.* 767 (5) (56 S. E. 81). The cause of action against the individual, however, was ex delicto, while that against the administrator was ex contractu. These propositions will be amplified in the third division below.

■ Neither cause of action was barred by the statute of limitations. The petition may have shown an anticipatory breach, but unless the plaintiff accepted such breach, the statute did not begin to run until the death of Mrs. Toney. The plaintiff was not obliged to accept the tender of the breach (*Cooley* v. *Moss,* 123 *Ga.* 707, 51 S. E. 625; *Phosphate Mining Co.* v. *Atlanta Oil & Fertilizer Co.,* 20 *Ga. App.* 660, 93 S. E. 532; 13 C. J. 655; 37 C. J. 816), but could elect to keep the contract in force for the purpose for which it was made. In the meantime his own obligation, as well as that of the opposite party, continued operative until the time for performance as fixed by the contract. *Byrd Printing Co.* v. *Whitaker Paper Co.,* 135 *Ga.* 865 (3) (70 S. E. 798, Ann. Cas. 1912A, 182) ; *Ford* v. *Lawson,* 133 *Ga.* 237 (5) (65 S. E. 444) ; *Smith* v. *Georgia Loan &c. Co.,* 113 *Ga.* 975 (39 S. E. 410) ; *Benton* v. *Roberts,* 35 *Ga. App.* 749 (3) (134 S. E. 846) ; *Benton* v. *Roberts,* 41 *Ga. App.* 189 (152 S. E. 141).

Since our former decision in this case, a disinterested member of

the bar, desiring only to be of service to the court, has made the suggestion that we were then in error in holding that no question as to the applicability of the statute of limitations can be raised by a general demurrer.

In *Smith* v. *Central of Georgia Ry. Co.*, 146 *Ga.* 59 (90 S. E. 474), the Supreme Court held as follows: "Where on their face the pleadings show that a suit is barred by the statute of limitations, the defendant can take advantage of the statute by demurrer. But a demurrer, in order to raise the defense of the statute of limitations, must expressly set out a reliance on the statute. Its aid can not be invoked by general demurrer that no cause of action is set out, or that none is stated which can be enforced against the defendant." Whether this means that a demurrer which is sufficient to invoke the statute may not be classed as a general demurrer, but is to be treated as a special demurrer, it is unnecessary to decide at the present time. We merely call attention to the fact that our prior ruling has been questioned, and will be subject to change, on proper occasion, should it appear to be erroneous.

The petition was subject to demurrer upon the grounds of misjoinder of causes of action and of parties defendant. With respect to the defendant as an individual, the suit is ex delicto, to recover damages for the defendant's alleged wrong in maliciously inducing Mrs. Toney to break her contract. *Luke* v. *DuPree*, 158 *Ga.* 590 (124 S. E. 13); *Darnell* v. *Toney*, 39 *Ga. App.* 710 (2 b) (148 S. E. 279). Whether the petition also alleged such facts as to show the commission of a tort by Mrs. Toney, as in combining with her husband to abandon or violate the contract, this does not appear to be the cause of action relied on as against the defendant as her administrator. While the petition is legally insufficient to show the exertion of undue influence upon her by her husband, and thus to exclude the inference of intentional wrong-doing on her part (*DeNieff* v. *Howell*, 138 *Ga.* 248 (6), 75 S. E. 202), it is apparent from all of the allegations that the plaintiff did not intend to press a charge of conspiracy, or other tortious conduct against Mrs. Toney, but as to her sought only to declare that she had breached the contract by failing to make the will as promised.

In paragraph 18 it is alleged that the plaintiff "is entitled to bring this suit against her estate for damages sufficient to compensate him for her breach of contract to will said property to

him." On the other hand, in paragraph 19 the plaintiff proceeds more vigorously against the defendant in his individual capacity; and from the petition as a whole we conclude that the suit as to the estate of Mrs. Toney is a mere action for damages for a breach of contract embodying only those elements that are ex contractu, but that as to Mr. Toney, the individual defendant, it is an action ex delicto, which alone it could be, since this defendant was not a a party to the contract. It follows that the court properly sustained those grounds of the demurrer which attacked the petition for misjoinder of causes of action and of parties defendant. Civil Code (1910), §§ 5515, 5521; *Wolff* v. *Southern Ry. Co.,* 130 *Ga.* 251 (60 S. E. 569). This for the plaintiff is the more favorable construction; since, if the petition should be interpreted as disclosing an intention by the pleader to treat the conduct of Mrs. Toney as a tort, and to claim damages accordingly, the cause of action, if there was any, would have abated with her death, and the petition therefore would have been subject to the general demurrer of the administrator. More accurately speaking, the "cause of action" if considered as a tort was abortive or still-born, since the right of the plaintiff could not have accrued until the death of Mrs. Toney, nor, on the other hand, could it have survived that event, but died with her. Thus, the plaintiff can have no action in tort against the administrator. Civil Code (1910), § 4421; *Alexander* v. *Dean,* 157 *Ga.* 280 (2) (121 S. E. 238); s. c. 29 *Ga. App.* 722 (116 S. E. 643); *Heffner* v. *Fulton Bag & Cotton Mills,* 39 *Ga. App.* 728 (148 S. E. 355), and cit.

But, irrespective of who is benefited thereby, we think the construction which we have adopted is the only proper one to be applied as respects the claim against the administrator. Should it not be conclusive from the allegations that the suit as to this party was ex contractu, the petition is at least ambiguous as to whether the plaintiff intended to sue merely as for a breach of contract, or to proceed upon the theory of a tort; and since the petition was not attacked for duplicity, and since, in view of the rule as to abatement, an action ex delicto could not have been sustained, we will presume that it was the plaintiff's intention to serve his best interest, and will therefore construe the petition so as to uphold and not to defeat the action. *Citizens & Southern Bank* v. *Union Warehouse Co.,* 157 *Ga.* 434 (7, 10), 455 (122 S. E. 327); *Southern*

*Express Co.* v. *Pope,* 5 *Ga. App.* 689 (2) (63 S. E. 809); *Speir* v. *Westmoreland,* 40 *Ga. App.* 302 (3) (149 S. E. 422).

The facts were pleaded with sufficient particularity, and there was no merit in other grounds of the demurrers. In view of the fact that each demurrer was based upon general and special grounds, and was sustained upon all grounds, and of the probability that, if the presiding judge had intimated or announced an intention to sustain only the special demurrers as to misjoinder of causes of action and of parties defendant, the plaintiff would have prevented a dismissal of his entire petition by offering a proper amendment, and in view of the further fact that the petition presented a meritorious cause of action as against each defendant and was defective only for misjoinder, as indicated above, the judgment dismissing the petition is affirmed with direction that the plaintiff be allowed to amend the petition by striking the defendant in one or the other capacity in which he is sued, according as the plaintiff may elect, at the time the remittitur from this court is made the judgment of the court below; and that in the event of such an amendment the case stand for trial upon the petition as amended. If the plaintiff shall fail to offer such an amendment, the judgment of the court below is unconditionally affirmed. *Brown* v. *Bowman,* 119 *Ga.* 153 (3) (46 S. E. 410); *Sims* v. *Cordele Ice Co.,* 119 *Ga.* 597 (3) (46 S. E. 841); *Ferrell* v. *Greenway,* 157 *Ga.* 535 (3) (122 S. E. 198); *Hartley* v. *Folds,* 24 *Ga. App.* 456 (101 S. E. 130); *Whalley* v. *Cohen,* 24 *Ga. App.* 514 (4) (101 S. E. 310).

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*