21442, 21443. HENDRICKS *v.* CITIZENS & SOUTHERN NATIONAL BANK, executor; and *vice versa.*

Decided June 9, 1931.

*Shelby Myrick, P. M. Anderson,* for plaintiff.
*Hitch, Denmark & Lovett,* for defendant.

LUKE, J. Leroy Hendricks brought suit in the superior court of Chatham county against Citizens & Southern National Bank, as executor of the will of Mrs. Nancy Hendricks, deceased, for the recovery of damages alleged to have been sustained by reason of a libel contained in the will of said Mrs. Nancy Hendricks.

The petition alleges that Nancy Hendricks, of Tattnall county, Georgia, died on the 1st day of October, 1930, leaving a last will and testament, whereby she disposed of a substantial estate to certain designated persons, all of whom are grandchildren; that Citizens & Southern National Bank, of Savannah, Chatham county, is named executor of said will, and duly qualified as such; that said will was filed for probate in common form in the ordinary's office of Tattnall county on the 7th day of October, 1930, and that its contents were thereby published to the world; and that in the eighth item of said will there is the following statement: "I give, bequeath, and devise to Leroy Hendricks, of Savannah, Georgia, formerly of Claxton, Georgia, the son of the divorced wife of my deceased son, W. R. Hendricks, the sum of $100, to be paid in cash. This limited provision of $100 is made in my will for such legatee for the reason that I do not recognize him as a grandson, descendant of my blood; and in no event shall he receive from my estate a greater amount than specified in this item of my will."

The petition further alleges "that the foregoing statement means and charges in effect that petitioner, Leroy Hendricks, is an illegitimate son of Sarah Virginia Edwards Hendricks and that W. Remer Hendricks was and is not the father of Leroy Hendricks, when in truth and in fact petitioner was and is the son of W. Remer Hendricks and one of the children of the marriage of Sarah Virginia Edwards Hendricks with the said W. Remer Hendricks; and said item of said will, and the language therein employed by the said Nancy Hendricks, in effect and by innuendo, charges and accuses petitioner with being a bastard, which charge was and is false, and was maliciously made by the said Nancy Hendricks to injure petitioner and his reputation, and was also done for the purpose of holding petitioner up to public ridicule, hatred, and contempt, and was also done to humiliate, wound, and injure petitioner."

The allegations of the petition other than those hereinbefore indicated are deemed unnecessary to a proper consideration of the questions before this court for determination upon the main bill of exceptions.

The grounds of the demurrer are as follows: 1. The allegations of the petition fail to set forth a cause of action against the defendant, and the petition is insufficient in law. 2. The petition discloses that if there was a cause of action against defendant's testatrix, it did not survive, but was abated by her death. 3. The petition fails to allege any facts showing a false and malicious defamation of another, expressed in writing, or the unlawful publication of any libelous matter. 4. The petition shows on its face that the publication of the alleged libelous matter was privileged. 5. The claim set out in the petition does not come within any class which an executor or an administrator is authorized to pay out of the estate of the deceased. 6. The petition shows on its face that the suit at law therein set out is prematurely brought, for that (a) the suit was commenced against the defendant executor before the expiration of twelve months from the date of its qualification, in violation of the statutes of Georgia, and especially of section 4015 of the Civil Code of Georgia; (b) the defendant executor is deprived of its right to plead plene administravit præter or to file other pleas peculiar to executors or administrators, as it necessarily can not know, until the expiration of twelve months, the net value of the estate, or the total amount of claims of a higher nature than the one set out in the petition.

The questions raised are discussed in the briefs of counsel with no small measure of care. All the law applicable has been ably presented, so that such independent investigation as we have been able to make has been without appreciable result. No case involving similar circumstances has ever been before the appellate courts of this State, and we find only two reported decisions in other jurisdictions that are directly in point.

As has been indicated, the defendant contends that if there was a cause of action, it was abated by the death of the testatrix, and in support of that contention invokes the common-law maxim actio personalis moritur cum persona. Among the decisions of the appellate courts of this State in which the maxim has been applied are cited: *Brawner* v. *Sterdevant, 9 Ga.* 69; *Alexander* v. *Dean, 157 Ga.* 280 (121 S. E. 238); *Callaway* v. *Livingston, 28 Ga. App.* 453 (111 S. E. 742); *Darnell* v. *Toney, 41 Ga. App.* 673 (154 S. E. 379). Counsel for the plaintiff argues that, by reason of the exceptional and extraordinary nature of the case, the common-law maxim is not applicable, and cites cases decided by the courts of two other jurisdictions that have refused, in similar instances, to apply that rule. Gallagher's estate, 10 Pa. Dist. 733; Harris *v.* Nashville Trust Co., 128 Tenn. 573 (162 S. W. 584, 49 L. R. A. (N. S.) 897, Ann. Cas. 1914C, 885).

Upon consideration of the question we find ourselves squarely facing a choice between two courses: on the one hand, the orthodox course of adhering strictly to the rigid rule of the common law, which in any case of the character of that before us would do violence to our innate sense of what is fair and right; or, on the other hand, falling in line with the constantly changing concepts of the law and its administration by conforming with what appears to be a modern doctrine, "pure drawn from the fountains of justice." In the instant case, notwithstanding our natural aversion to do anything in the nature of "judicial legislation," we are impelled, in good conscience, to adopt the latter alternative. Though the doctrine that we have decided to follow, it is true, does not seem to be derived from any ancient legal lore, it has the merit, in our judgment, of being deep rooted in a moral source, and at least appears to have become an established theory of the law of this country to the extent that the author of the title Libel and Slander in Corpus Juris has deemed it proper to be incorporated as part of

its text (36 C. J. 1229, § 184), from which we quote as follows: "The probate of a will containing defamatory matter is a publication thereof creating a cause of action against the estate of the testator, which cause of action is considered to have accrued subsequent to the testator's death; hence it is not abated by his death. The executor of the will, being in duty bound to probate it, is held not to be liable for the publication arising from the probate of the will. Where there has been a publication during the life of the testator by the dictation of the will to a stenographer, the probate of the will is considered a republication." Citing Gallagher's estate, 10 Pa. Dist. 733; Harris v. Nashville Trust Co., supra.

Under the authorities referred to we hold that grounds 1, 2, and 5 of the general demurrer are without merit.

In support of the third ground of the demurrer it is urged that the words used in the will, in the light of their context, are merely words of disinheritance and are not libelous per se. In our view, the words "descendant of my blood," as employed by the testatrix in the instant case, were wholly unnecessary to the expression of her desire to disinherit an heir apparent. That desire on her part could as well and effectually have been accomplished without assigning any such reason for her action. Obviously, we think, this ground of the demurrer can not be sustained; and for the reason, if for no other, that the language thus employed in the will was not material to the accomplishment of the purpose of the testatrix to so disinherit the heir, we likewise dispose of ground 4 of the demurrer; and hold that the libelous matter was not privileged.

So far as ground 5 is concerned, we concur in the view that, in the light of the fact that the statute provides in effect that all actions for libel must be brought within one year (Civil Code of 1910, § 4497), it can not be reasonably maintained that the action was prematurely brought. We hold that this ground of the demurrer is also without merit, and that section 4015 does not apply.

Our conclusion is, of course, that the trial court erred in sustaining the general demurrer to the plaintiff's petition, and that its judgment in that behalf must be reversed and set aside.

Certain paragraphs of the petition were specially demurred to. Because of their length, we shall not repeat them in this opinion. The special demurrer was overruled, and upon that ruling error is assigned in a cross-bill of exceptions.

The second and tenth paragraphs of the petition were demurred to upon substantially the same ground: that it is not alleged that the executor of the will of Nancy Hendricks, deceased, filed the will in the office of the ordinary of Tattnall county, Georgia. Our view of the case is such as to render it entirely immaterial, in our opinion, whether the will was filed for probate by the named executor or by some other person or corporation. It is not the purpose of this action to attempt to hold the executor individually liable for the publication of the libelous matter. Hence an averment that the will was filed by the executor is not essential to the right to maintain the action. Nor do we see that such an averment is material in any other connection. Nor do we think it necessary to subscribe to the doctrine of agency in connection with the publication, in order that the estate of the testatrix may be legally answerable. She knew when she executed her will that unless she took some measure to prevent it, the instrument would be presented for probate and record. That was the very purpose of its formal execution. The law presumes that one contemplates the natural consequences of his act, and upon that principle bases his legal responsibility. If the allegations of the petition are true, then to hold that the estate of the executrix is not answerable in law would be to say in effect that the wrong committed against the plaintiff is without remedy. This we are unwilling to hold. Indeed, it is not unimaginable that even in the orderly administration of the law there are circumstances where it may be possible that pure logic must in some small measure yield to righteous indignation. The exceptions herein referred to will not be sustained.

Nor, in our opinion, should the special demurrer to the eighth paragraph of the petition have been sustained. We think the innuendo does explain, but does not enlarge the meaning of the language complained of. Its use in this instance seems to come clearly within the legal rules.

From the views of this court hereinbefore expressed it will be understood that the remaining exceptions set out in the cross-bill and insisted upon in the brief of counsel are deemed to be without merit. Therefore we hold that the trial court did not err in overruling the special demurrer to the plaintiff's petition.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*