### 22498. WATSON *v.* ATLANTA GAS LIGHT COMPANY.

SUTTON, J. Plaintiff brought suit against the gas company for damages alleged to have been caused by the failure of the defendant to furnish her gas service after it had contracted with her so to do, alleging that she had offered to pay the defendant for gas service, that she did not owe the defendant for any gas furnished her when it negligently cut her gas off, and that it had in its possession her deposit of $5 to insure the payment of gas bills. To this suit the defendant demurred generally and demurred specially to various paragraphs of the petition as not setting forth the proper measure and elements of damages. On March 22, 1932, the court sustained these special grounds of the demurrer, with leave to the plaintiff to amend, but did not pass upon the general demurrer. On April 9, 1932, the plaintiff filed an amendment which failed to meet the defects pointed out by these special grounds, but in which she sought compensatory and punitive damages for alleged wilful and wanton violation of the defendant's duty to her, under the law, to furnish her gas service, and for wilfully and knowingly cutting off her gas service in order to force her to pay a gas bill owed by another. The defendant renewed its demurrer and also demurred to the amendment, upon the ground, among others, that the amendment attempted to set up a new and distinct cause of action. The court on May 9, 1932, sustained

the demurrer. In the order sustaining it the court held that the amendment did not meet the special grounds of the demurrer to the original petition, and sustained the general demurrer and dismissed the original petition as not setting forth a cause of action. The case is in this court on exceptions to this order and judgment. *Held:* The amendment filed by the plaintiff attempted to set up a new and distinct cause of action, and the demurrer on this ground was properly sustained. Civil Code (1910), § 5683. "An action based upon a claim ex contractu can not by amendment be converted into an action ex delicto." *Hartley* v. *Folds,* 24 *Ga. App.* 456 (3) (101 S. E. 130). The plaintiff having failed to meet the special demurrer as to certain essential paragraphs of the original petition, and not having excepted pendente lite to the judgment sustaining the demurrer or excepted thereto in the present bill of exceptions, which was presented, certified, and filed over two months after the rendition of that judgment, the judgment that the petition was subject to these special demurrers became the law of the case; and with these essential paragraphs of the original petition stricken, the original petition did not set forth a cause of action, and the case was properly dismissed on general demurrer. *Babb* v. *Thomasville Live Stock Co.,* 17 *Ga. App.* 384 (87 S. E. 159); *Hinson* v. *Mutual Fertilizer Co.,* 19 *Ga. App.* 121 (91 S. E. 241); *Baker* v. *Atlanta,* 22 *Ga. App.* 483 (96 S. E. 332). While an amendment by the opposite party may open the pleadings to demurrer anew, it does not open them to any rulings upon the identical questions previously adjudicated in the same case. *Central of Ga. Ry. Co.* v. *Waldo,* 6 *Ga. App.* 840 (65 S. E. 1098); *Equitable Manufacturing Co.* v. *Hill-Atkinson Co.,* 17 *Ga. App.* 494 (87 S. E. 715).

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*

DECIDED FEBRUARY 1, 1933.

*Vester M. Ownby,* for plaintiff.
*Henry J. Miller, Alston, Alston, Foster & Moise,* for defendant.