32683. INGRAM & LeGRAND LUMBER CO. INC. *v.* BUNN.

DECIDED FEBRUARY 28, 1950.

*Williams & Freeman,* for plaintiff in error.

*W. B. Mitchell,* contra.

MacIntyre, P. J. (After stating the foregoing facts.) ■ The contract attached to and made a part of the petition contained the following provision: "The right to go upon said lands with men, teams, wagons and other vehicles for the purpose of cutting, logging and sawing the timber and to remove therefrom the lumber sawed and all other sawmill privileges usually given and not hereinbefore mentioned, provided that no damage shall be done to *growing crops* or fences upon the lands in the exercise of the aforesaid rights and privileges, without just compensation therefor." (Italics ours.) Obviously the plaintiff misconceived the meaning of the words "growing crops." He evidently relied upon the words to include crops of growing timber, and in furtherance of his supposed cause of action proceeded to allege that his crops of growing timber had been damaged by the defendant through his servants, agents and employees, and that the defendant had violated the contract by not making just compensation therefor. It will be observed however, that the words "growing crops" are used in a sentence which indicates an intention to vest in the grantee in the timber-lease contract the right to go upon the lands for the purpose of cutting the timber, and to place upon the grantee an obligation not to damage the crops or fences upon the lands without just compensation being paid. Clearly such a provision in a timber lease has for its object the protection of less robust "crops" than timber, and properly construed has reference to the fruits of vines, bushes or trees. The context does not extend but rather limits the meaning of the word "crops" and excludes trees, plants and shrubs. As was said in *Adcock* v. *Berry,* 194 *Ga.* 243 (2-b) (21 S. E. 2d, 605), " 'The word "crops" includes and embraces the fruits and products of all plants, trees and shrubs.' Code, § 85-1902; Ga. L. 1933, p. 128. Properly construed, this law as codified from the act of 1933 does not affect the 'plants, trees, and shrubs' themselves, but applies only to fruit and products in the nature of fruit derived from such plants, trees and shrubs." It is manifest that the defendant is not shown to have damaged any such "crops" as were contemplated under the timber-lease contract, and since the original petition was un-

doubtedly brought to obtain damages for breach of contract no cause of action was set forth. The court erred in overruling the motion to dismiss.

Thereafter the plaintiff apparently reached the conclusion that he was not justified in denominating his growing timber as crops, and insisting that the clause he invoked was applicable to such timber. Accordingly, he struck the word "crops" wherever it appeared in the petition, and consistently struck by amendment the quoted contract provision. He thus affirmatively put behind him any idea of recovery for breach of contract and undertook to proceed as for a tort. This can not be done. "An action based upon a claim ex contractu can not by amendment be converted into an action ex delicto." *Hartley* v. *Folds*, 24 *Ga. App.* 456 (3) (101 S. E. 130); *Watson* v. *Atlanta Gas Light Co.*, 46 *Ga. App.* 326 (167 S. E. 718). See also *Glover-White Mercantile Co.* v. *Ausburn*, 25 *Ga. App.* 780 (104 S. E. 927). The court erred in allowing the amendment over the objection that it sought to convert the original action into a tort action for damage to timber, and all proceedings thereafter were nugatory.

*Judgment reversed. Gardner and Townsend, JJ., concur.*