## 38200. THE PURE OIL COMPANY v. DUKES.

CARLISLE, Judge. 1. The mere allegation in a petition of an improper measure of damages or one inappropriate to the nature of the action does not render the petition subject to general demurrer. *Lowery* v. *McTier*, 99 *Ga. App.* 423 (2) (108 S. E. 2d 771), and cits. Neither does a prayer for an improper or inappropriate measure of damages change the nature of an action which is otherwise clearly one ex contractu to one ex delicto.

2. Allegations in a petition based on a breach of contract that the defendant wilfully and maliciously took the plaintiff's business away from him by breaching the lease contract sued upon, thus depriving him of a place to conduct his business; that the defendant maliciously and arbitrarily informed the plaintiff that the lease contract, in effect, between the defendant and the plaintiff was cancelled, and that the plaintiff would have to surrender the keys to the premises and that by these statements the plaintiff was given no choice in the matter, and that said actions constituted a wilful and malicious breach of the lease contract; that the defendant informed the petitioner that it would no longer sell him gasoline and oil for his filling station tanks, and that such action constituted a wilful and malicious breach of sales contract entered into between the plaintiff and the defendant; that the

defendant's agents came to the plaintiff's place of business on a specified date and ordered it closed, demanded possession of the keys and ordered petitioner to vacate, and that such actions on the part of the defendant were wilful and malicious breaches of the lease contract; that the defendants refused to let petitioner or his employees service cars and refused to let him make any sales and informed petitioner's customers who called for service that the business was closed; and, that on a named date the defendant's agents and servants took actual and physical possession of petitioner's business without any compensation whatever to petitioner and without any negotiations therefor were clearly allegations of a breach of contract. The only rights to possession of the leased premises and to purchase petroleum products from the defendant were asserted by the plaintiff by virtue of a lease contract and by virtue of a sales contract, which were set forth in the petition and alleged to have been breached by the defendant. The mere denomination of such breaches as "wilful," "malicious," and "arbitrary," did not convert the action thus alleged from one ex contractu to one ex delicto. *Georgia Kaolin Co.* v. *Walker,* 54 *Ga. App.* 724, 747 (189 S. E. 88).

3. Under the allegations of the petition, whatever right the plaintiff had to possession of the premises in question and whatever right plaintiff had to purchase petroleum products from the defendant, depended on the contract sued on and were contractual rights. The violation of these rights, however alleged, constituted merely a breach of contract and did not give a right of action in tort. No violation of a public duty owing to the plaintiff is shown by the allegations of fact in the petition. *Manley* v. *Exposition Cotton Mills,* 47 *Ga. App.* 496 (170 S. E. 711).

4. Accordingly, under the rulings announced in the foregoing headnotes, even though some of the damages sought to be recovered in the petition were perhaps more appropriate to an action ex delicto than to one ex contractu, the original petition will, nevertheless, be construed as an action ex contractu. *Mitchell* v. *Southern Dairies,* 77 *Ga. App.* 771 (49 S. E. 2d 912).

5. The second amendment sought to be filed by the plaintiff clearly sought to convert the action to one ex delicto, and the trial court erred in allowing that amendment over proper and

timely objection of the defendant. *Watson* v. *Atlanta Gas Light Co.*, 46 *Ga. App.* 326 (167 S. E. 718); *Ingram & Le-Grand Lumber Co.* v. *Bunn*, 81 *Ga. App.* 93, 97 (2) (58 S. E. 2d 193).

6. The special demurrers filed to the original petition were renewed. The trial court overruled all grounds of special demurrer except one. The special demurrer to the allegations of the petition respecting the conversion of the plaintiff's goods by the defendant and to the damages sought on account thereof, and the special demurrer to the allegations seeking to recover the exemplary damages were improperly overruled. "Exemplary damages can never be allowed in cases arising on contracts." Code § 20-1405.

7. There were no allegations of fact in the original petition respecting the defendants having taken over the plaintiff's accounts receivable, which were owing him as a part of his business assets. In paragraph 15 of the petition, which contained the allegations of damages, the plaintiff alleged that he had suffered a loss of accounts then and there owing him in the amount of $782.32, for which he had never received payments, and which accounts were taken over by the defendant and were presently in possession of the defendant, or had been paid to the defendant. In subparagraph D of paragraph 2 of the special demurrers, these allegations were demurred to on the ground that it was not alleged in that paragraph, or elsewhere, how the accounts were taken over by the defendant, or that the plaintiff suffered any loss as a result thereof. In the absence of allegations in the petition showing some facts connecting the appropriation of the plaintiff's accounts receivable with the breach of the lease contract or with the breach of the sales contract, it is not apparent that such allegations were relevant to the cause of action for those breaches of contract. The suit does not purport to be one for an accounting. The trial court erred in overruling the special demurrer to such allegations.

8. The original petition was not subject to general demurrer. The allegations of fact were sufficient to show that the plaintiff held a lease contract with the defendant entitling him to the possession of the premises therein described, that the defendant, through its agents, wilfully and maliciously breached the contract and took possession of the premises against the plaintiff's will. As against a general demurrer, these allegations were sufficient.

*Judgment affirmed in part, and reversed in part. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 20, 1960—REHEARING DENIED JUNE 7, 1960.

*Frank W. Bell, John C. Snodgrass, W. F. Wimberly,* for plaintiff in error.

*Eva L. Sloan, J. A. Gilmore,* contra.