39865. THE PURE OIL COMPANY v. DUKES.

NICHOLS, Presiding Judge. This is the second appearance of this case in this court. On the first appearance, on rulings on demurrers, the judgment of the trial court overruling various of the defendant's demurrers to the plaintiff's petition was reversed in part and affirmed in part. *Pure Oil Co. v. Dukes,* 101 Ga. App. 786 (115 SE2d 449). Suffice it to say that the plaintiff was suing the defendant oil company to recover for the unlawful eviction of the plaintiff from premises leased from the defendant. On the trial of the case the jury returned a verdict for the plaintiff and the defendant's amended motion for new trial as well as its motion for a judgment non obstante veredicto were thereafter overruled.

Error is now assigned on these judgments adverse to the defendant. *Held:*

1. "An objection that evidence is illegal, immaterial, irrelevant, prejudicial, inadmissible, and a conclusion, without showing wherein such evidence is so characterized is insufficient and will not be considered." *State Highway Dept. v. Robinson,* 103 Ga. App. 12 (1) (118 SE2d 289). Accordingly, special grounds 1 and 2 of the amended motion for new trial cannot be considered.

2. The evidence adduced on the trial of the case authorized a finding that the defendant had breached the lease contract and under *Code* § 20-1409 the plaintiff was entitled to recover nominal damages even if no actual damages were proved and, "Where the plaintiff's proof does not support a verdict in the amount found by the jury, but authorizes a verdict for some amount in his favor, the defendant's remedy is a motion for new trial and not a motion for a judgment notwithstanding the verdict." *King v. Loeb,* 93 Ga. App. 301 (1) (91 SE2d 532). Accordingly, the trial court did not err in overruling the defendant's motion for a judgment notwithstanding the verdict.

3. The evidence disclosed that at the time the defendant breached the lease contract the plaintiff was entitled under the lease contract to possession of the property for one month and the only evidence dealing with the value of the premises was the testimony of the plaintiff as to the amount of gasoline sold, other business done on the premises, and "Q. Mr. Dukes, I will ask you approximately what was the value of your business. A. My estimation is $5,000. Q. What do you base that on, Mr. Dukes? A. Accounts and things I had put in it. In other words, if a filling station is not worth $5,000, there is not much to it. You just as well to be chopping cotton." The quoted questions and answers from the evidence do not show the premises for one month were worth $5,000 or any other amount. At most it shows that a going service station would be worth $5,000. The other evidence referred to, in and of itself would not show the value of the premises, and without data as to the profits derived from the sale of gasoline and other merchandise and evidence of the defendant's prior business the evidence would be insufficient to remove the case from the general rule that the measure of damages upon unlawful eviction is the difference between the

market value of the unexpired term and the agreed rental. See *Levy, Brother & Co. v. Allen,* 53 Ga. App. 246 (185 SE 369).

The amount of the verdict was not authorized by the evidence, and while the general grounds of a motion for new trial are not generally sufficient to raise the question of the inadequacy or excessiveness of the verdict, *Selman v. Manis,* 100 Ga. App. 422, 426 (111 SE2d 747), yet where the action is for the breach of a contract "the burden of proving the amount suffered through the alleged breach rested upon the plaintiff; and there being no evidence whatever to show the amount of damages suffered, the verdict for substantial, compensatory damages in favor of the plaintiff was unauthorized, though he might have been entitled to nominal damages upon proof merely of the breach." *Milledgeville Water Co. v. Fowler,* 129 Ga. 111 (58 SE 643). There was no evidence to sustain the verdict in the amount of $8,000 nor in the amount of $7,712.50 as reduced on motion of the plaintiff, and the trial court erred in overruling the defendant's motion for new trial.

4. In view of the above holding it is immaterial whether the third special ground of the motion for new trial which complains that the verdict was excessive was incomplete.

*Judgment reversed. Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 23, 1963—
REHEARING DENIED FEBRUARY 8, 1963.

*Robert H. Herndon, John C. Snodgrass, W. F. Wimberly, Candler, Cox, McClain & Andrews, S. Booker Carter, Jr.,* for plaintiff in error.

*J. Alvin Gilmore, Eva L. Sloan,* contra.