41298.   DUKES v. PURE OIL COMPANY.

ARGUED MAY 5, 1965—DECIDED JUNE 21, 1965—
REHEARING DENIED JULY 20, 1965.

*Eva L. Sloan, J. Alvin Gilmore,* for plaintiff in error.

*Robert H. Herndon, John C. Snodgrass, W. F. Wimberly, Candler, Cox, McClain & Andrews,* contra.

FRANKUM, Judge. This is the third appearance of this litigation in this court. See *Pure Oil Co. v. Dukes,* 101 Ga. App. 786 (115 SE2d 449), and *Pure Oil Co. v. Dukes,* 107 Ga. App. 326 (130 SE2d 234). From an examination of the opinions of this court on the two former appearances of this case it would sufficiently appear that this was an action for breach of an alleged lease contract entered into between the plaintiff and the defendant for the rental of an automobile service station located in Milledgeville, Georgia. Upon the retrial of the case the jury verdict was for the defendant. The plaintiff made a motion for

a new trial on the general grounds and on seven special grounds which the trial court overruled, and the exception is to that judgment.

■ The first special ground of the motion for a new trial complains of the admission in evidence of an inventory of the merchandise and equipment found by the witness Alford to be in the service station, which inventory was shown by the witness' testimony to have been taken by him. Counsel for the plaintiff objected to the admission of this inventory on the ground that the plaintiff was not present at the time the same was taken and that it was a mere self-serving document prepared by the defendant at some time unknown to the plaintiff. The witness Alford testified that he prepared the inventory on June 2, 1954, and that it was a true and correct inventory of the products that were on hand in the service station on the date the plaintiff closed it and surrendered it to the defendant. The trial court did not err in admitting this inventory over the objection urged by counsel for the plaintiff. The fact that the plaintiff may not have been present when the inventory was made did not constitute grounds for excluding it from evidence when it was offered after the witness had testified as to its correctness. If the plaintiff desired to challenge the correctness and accuracy of the inventory, it would have been proper for him to bring this out on cross examination of the witness, or to introduce rebutting evidence as to the merchandise and equipment which he contended was actually in the service station at the time he surrendered it. The court did not err in overruling this ground of the motion.

■ "The evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." *Code* § 38-201. So, where the only issues made by the pleadings were whether the defendant had breached the lease contract sued on by the plaintiff by forcibly taking over the premises from him and, if so, the amount of damages he was entitled to recover, or whether the plaintiff had abandoned the lease contract and voluntarily turned the premises over to the defendant for the purpose of reletting,

■

there was no issue in the case as to the plaintiff's financial condition, and it was not error to exclude, on objection by the defendant, testimony proffered by the plaintiff that he was in sound financial condition, and that the witness who was testifying as to his financial condition would have loaned him money had he needed it. This is true, notwithstanding the fact that witnesses for the defendant had stated that the plaintiff had given as his reasons for (as the defendant contended) abandoning or surrendering the leased premises that he was in neither financial nor physical condition to continue with the business being conducted on the leased premises. Accordingly, special ground 2 of the motion complaining of the exclusion of the aforesaid evidence was properly overruled.

■ The court did not err in excluding testimony by the plaintiff as to accounts owing him from the operation of the service station to the effect that he did not collect such accounts, that the Pure Oil Company did collect them, and that had he been allowed to continue operating the service station under the lease he would have been able to collect the accounts himself. This testimony was not relevant to any issue in the case, since pursuant to the ruling of this court on a previous appearance of the case here the allegations of the petition respecting the accounts receivable had been stricken. *Pure Oil Co. v. Dukes*, 101 Ga. App. 786, 788 (7), supra. While under the ruling in that case the allegations respecting the accounts were stricken because of the absence of allegations connecting that element of damages with the breach of the lease contract sued on or with the breach of the sales contract sued on, and while plaintiff might possibly, under that ruling, have amended his petition and cured the deficiency therein pointed out, so far as appears from the record before this court, no such amendment was offered, and that element of damages was no longer in the case. Special ground 3 of the motion was properly overruled.

■ Special ground 4 complains because the court directed a verdict in favor of the defendant with respect to the alleged breach of the sales contract sued on. There was no evidence that the defendant or any of its agents had failed or refused to deliver to the defendant merchandise or products which he

needed for sale. On cross examination the plaintiff denied that the defendant had ever brought gasoline out to him to be put in his tanks and had to take it back because he did not have the money to pay for it, and he further testified that at the time the defendant took over the station he had a sufficient quantity of gasoline on hand to meet his requirements. There was no testimony that the defendant had ever refused to deliver to the plaintiff any of the products which he needed except on account of his failure to pay for them. There was thus no evidence of a breach of the sales contract, and the trial court did not err in directing the verdict with respect to that phase of the case.

Special ground 5 complains of virtually the entire charge aside from those portions stating the contentions of the parties as evidenced by the pleadings, the law of agency and the definition of *preponderance of the evidence,* on the ground that it was argumentative, placed an unwarranted burden on the right of the plaintiff to recover, was confusing and misleading to the jury because it repeated numerous reasons why the plaintiff could not recover, and because it unduly emphasized the contentions of the defendant to the exclusion of those of the plaintiff. This assignment of error was insufficient to present any question for the consideration of the court respecting the legality of the portions of the charge set forth therein. Clearly, many portions of the charge complained of in this ground are legally correct and applicable to the issues in the case. "Where exception is taken to a long extract from the charge of the court, and there is no specification of the error therein, the exception will not be considered, unless all of the charge so excepted to is erroneous. If any of it is sound law, an affirmance will result." *Cobb v. State,* 76 Ga. 664 (1). *Stansell & Rape Bros. v. City of McDonough,* 50 Ga. App. 234, 237 (8) (177 SE 749); *Ga. Northern R. Co. v. Hathcock,* 93 Ga. App. 72, 75 (4) (91 SE2d 145); *Brown v. Carmanni,* 100 Ga. App. 116, 121 (3) (110 SE2d 543). The entire portion of the charge set forth in this ground clearly was not erroneous for the reasons assigned in the ground.

Furthermore, the assignment of error contained in this ground cannot be considered as an assignment of error on the failure of

the court to charge some other appropriate proposition. A portion of a charge which is otherwise correct and apt is not rendered erroneous by the failure of the court to charge in connection therewith another pertinent and legally apt proposition. *Hix v. Headrick,* 97 Ga. App. 540, 543 (2) (103 SE2d 516), and cits.

■ The sixth special ground complains because the court failed to charge without a written request the provisions of *Code* §§ 105-2007, 105-2009, and 105-2010, respecting the measure of damages. Assuming but not deciding that an instruction as to the measure of damages in the language of these Code sections would have been appropriate in this case if timely requested, the trial judge adequately and sufficiently charged the jury on the measure of damages in an action for a breach of a lease contract when he charged as follows: "Gentlemen of the jury, I charge you that the measure of damages upon unlawful eviction, if there was any unlawful eviction, is the difference between the market value of the unexpired term of the lease and the agreed rental for such unexpired period. I charge you, however, where, for any reason, the tenancy has no market value, as where the lease is not assignable, and the lease in the present case is not assignable without first securing lessor's written consent, its actual value to the tenant may be proved and recovered for the unexpired term of the lease less the agreed rental. I also give you in charge this provision of *Code* § 20-1409. In every case of breach of contract, the other party has a right to damages; but if there has been no actual damages, the plaintiff can recover nominal damages which will carry the costs." This ground of the motion for a new trial shows no cause for a reversal. *Shiver v. Burkett,* 74 Ga. App. 195, 199 (1) (39 SE2d 431).

■ The final special ground of the motion for a new trial seeks a new trial on the ground of newly discovered evidence respecting the relationship of one of the jurors to the defendant. This ground is not supported by the affidavits of counsel as required by the provisions of *Code* § 70-205, and it was proper for the trial court to overrule it. *May v. Lee,* 57 Ga. App. 893 (4), 895 (197 SE 50); *McBurney v. Richardson,* 93 Ga. App. 138 (1) (91 SE2d 123).

■ The evidence was sufficient to authorize the jury to find

that the defendant did not breach the lease contract nor evict the plaintiff from the leased premises. The trial court did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*