## 55278. MURPHY OIL CORPORATION v. WEIR.

BIRDSONG, Judge.

Murphy Oil Co. brought suit against Weir alleging an account indebtedness and Weir counterclaimed alleging tortious misconduct. From an adverse jury verdict, Murphy Oil Co. appeals.

The evidence showed that Weir leased a service station-convenience store from Murphy Oil Co., which, under the terms of said lease, was authorized to enter upon and inspect the demised premises and to terminate said lease, without notice, upon breach of any covenants contained therein. Under a separate contract, denominated a "commission dealer agreement," Murphy Oil Co. delivered gasoline to Weir. The "commission dealer agreement" provided, inter alia, that all sums collected by Weir for the sale of gasoline, less a specified commission for Weir, were immediately due and owing to Murphy Oil Co. The agreement stipulated that title to all gasoline remained in Murphy Oil Co. until sold by Weir, that Murphy Oil Co. was authorized to examine Weir's gasoline records, and that upon default of any contractual provision, uncorrected within five days written notice of same, "the party giving notice of such default shall have the right to terminate ["the commission dealer agreement"] upon delivering written notice of such termination to the other party."

Subsequent to an audit of Weir's records, Murphy Oil Co. alleged an outstanding indebtedness, and, prior to giving written notice of default, padlocked Weir's pumps. Murphy Oil Co. then brought suit against Weir and Weir counterclaimed alleging the commission of an intentional tort by Murphy Oil Co. and demanded actual and punitive damages. *Held:*

1. "It is well settled that misfeasance in the performance of a contractual duty may give rise to a tort action. [Cits.] But in such cases the injury to the plaintiff

has been 'an independent injury over and above the mere disappointment of plaintiff's hope to receive his contracted-for benefit.' [Cit.] 'In order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself.' [Cit.]" *Long v. Jim Letts Olds., Inc.,* 135 Ga. App. 293, 294 (217 SE2d 602). " 'Mere breach of a contract cannot be converted into a tort by showing that failure to perform upon the part of the one committing the breach had resulted in great inconvenience, trouble, annoyance and hardship to the other party to the contract.' [Cit.]" *Leonard v. Firemen's Ins. Co.,* 100 Ga. App. 434, 436 (111 SE2d 773).

The actions of Murphy Oil Co. amounted to, at most, an improper refusal to supply gasoline to Weir, i.e.$_\circ$ a breach of the "commission dealer agreement." Whatever rights accrued to Weir "...to purchase petroleum products [from Murphy Oil Co.] were contractual rights. The violation of these rights, however alleged, constituted merely a breach of contract and did not give a right of action in tort. No violation of a public duty owing to [Weir] is shown by the allegations of fact in the petition. [Cit.]" *Pure Oil Co. v. Dukes,* 101 Ga. App. 786, 787 (3) (115 SE2d 449).

2. For the reasons stated above, Weir's ex delicto counterclaim was not supported by the pleadings or the evidence, and the trial court erred in failing to grant Murphy Oil Co.'s motion for new trial. Appellant's remaining enumerations of error need not now be considered.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

Argued January 30, 1978 — Decided April 10, 1978.

*Long, Weinberg, Ansley & Wheeler, Meade Burns, Michael T. Bennett,* for appellant.

*Fredericks, Jones & Wilbur, Jimmy W. Jones,* for appellee.