### 3306.  KIMBROUGH *v.* THE STATE.

It is proper for the State's counsel, in the cross-examination of a witness for the accused, to bring out the relationship existing between the witness and the accused, for the purpose of showing the bias or prejudice of the witness, or for the purpose of showing the probability that the witness is testifying in behalf of the accused by reason of duress or fear.

DECIDED APRIL 24, 1911.

Indictment for assault with intent to murder; from Greene superior court—Judge Walker.  January 13, 1911.

*Noel P. Park,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

POWELL, J.  The defendant was convicted of the offense of assault with intent to murder.  The State's evidence made a clear case.  The defendant set up the justification of self-defense, and introduced as one of his witnesses his stepdaughter.  Her testimony on direct examination was substantially to the same effect as was the statement of the defendant to the jury.  On cross-examination the solicitor-general brought out from this witness the fact that she was unmarried, but that she had a child, about five months old at the time of the trial, of which the accused was the father; that he had begotten this child while married to the mother' of the witness, and had caused the witness to charge the paternity of it to another man, by threats that he would kill her if she did not make the charge.  Defendant's counsel moved to rule out this testimony, and his motion was overruled.

Ordinarily it would have been improper for the court to allow testimony going to show that the accused had been guilty of another offense than that for which he was then on trial.  The general rule is that such testimony is not relevant; but any matter which goes to show the bias, prejudice, or interest of the witness, or which goes to show that the witness is likely testifying under duress, is relevant, and may be of such relevancy as to form an exception to the general rule just mentioned.  The witness in this case might have claimed the privilege of not testifying as to her acts of illicit sexual intercourse with the accused, but she did not do so.  It was permissible, therefore, for the State's counsel to show by her what the relation was that existed between her and the accused, and to show the duress which he had recently exerted over her in another

matter, for the purpose of affecting her credibility as a witness.

We recognize that injustice may be done by allowing too great latitude in the introduction of such evidence; but, even if we concede that the admissibility of this evidence is doubtful, this does not require a reversal, because the rule is that reversals are not to be granted for errors alleged as to the admission of testimony, unless the ruling complained of is plainly wrong.

*Judgment affirmed.*