## CATO v. THE STATE.

No. 11343. November 11, 1936.

*William McBrayer, Joel H. Terrell,* and *Ficklen & Pilcher,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. Cecil Davis, solicitor-general, B. D. Murphy,* and *E. J. Clower,* contra.

Atkinson, Justice. ■ The defendant's motion for a new trial, after conviction for rape, complains of failure of the judge, without request, to declare a mistrial on account of conduct of a third person in the following circumstances. After the jury had been selected and introduction of evidence was about to begin, the judge announced that because of the nature of the case "time would be given for any women, who might wish to do so, to retire from the court-room;" whereupon a woman spectator arose from her seat and addressing the court said, in substance: "I am a member of an organization for the protection of the white race, one and one half million strong, and for that reason I wish to remain in the court-room after all I've been through with." The judge "promptly and properly reprimanded" her and told her she could remain in the court-room, but that no further remarks by her would be tolerated. It is alleged in the motion for a new trial "that the effect of said remark by said spectator was calculated to have an influence upon the minds of the jurors trying said case, which was harmful to movant, and denied him a fair and impartial trial." As a general rule, the conduct of a spectator during the trial of a case will not be ground for reversal of judgment denying

a new trial, unless a ruling upon such conduct is invoked from the judge at the time it occurs. *Frank* v. *State,* 141 *Ga.* 243 (16) 281 (80 S. E. 1016); *O'Dell* v. *State,* 120 *Ga.* 152 (5) 154 (47 S. E. 577), *Rawlins* v. *State,* 124 *Ga.* 31 (7), 42 (52 S. E. 1); *Swain* v. *State,* 162 *Ga.* 777 (6) (135 S. E. 187); *Hendrix* v. *State,* 173 *Ga.* 419 (2) (160 S. E. 614). Under application of the foregoing principles, this ground of the motion for new trial fails to show cause for a reversal.

■ The motion for new trial complains that the court erred in failing to declare a mistrial in the following circumstances: "After all the evidence had been completed, arguments had, and the jury charged by the court, the jury retired to a small jury-room which . . contained only some hard, straight-bottomed chairs, and in . . said room said jury was confined for approximately twenty-three hours. That because of the lack of hotel accommodations . . none of said jurors were offered a bed, a pallet, soft chairs, or any other form of comfort . . except they were fed. That several times during the jury's deliberation . . they were called out by the presiding judge and asked concerning the progress of the case toward agreeing upon a verdict. The court explained to the jury the first time that they were called out, which was approximately 10 p. m. . . and after they had deliberated approximately five hours, because of lack of hotel accommodations they would have no place to sleep. After said jury had considered said case all night . . under the same conditions, and without reaching a verdict, the said jury was again called out by the court at approximately 3 p. m., January 10th, . . at which time the court inquired if there was a likelihood of agreeing upon a verdict; to which the foreman replied, 'Your Honor, I don't think this jury will ever make a verdict.' The court then asked if any juror's people were unprotected at home, and if any juror wished to send a message home to any of them. The jurors then retired to their room and in approximately forty-five minutes thereafter they had returned a verdict of guilty." It was further alleged: "Movant therefore contends . . that while it was not the purpose of the trial judge, still the facts herein stated show that your movant was hurt in that he was denied a fair and impartial trial, and that the probability of another night without sleep in said jury room was an influence, which prevented mov-

ant from being tried by twelve jurors entirely separated from the world, all of which was harmful to movant in that it deprived him of a fair and impartial trial."

In *Driver* v. *State,* 112 *Ga.* 229 (2) (37 S. E. 400), it was held: "The length of time during which a jury should be required to consider a case before discharging them and ordering a mistrial is within the discretion of the trial judge, and this court will not interfere with the exercise thereof, unless manifestly abused." See also *Jones* v. *State,* 117 *Ga.* 710 (2) (44 S. E. 877) ; 16 C. J. 1092, § 2564 (5). The failure of the judge, in the circumstances above stated, to declare a mistrial was not an abuse of discretion, and consequently could not afford ground for reversal.

██ The rulings announced in the third and fourth headnotes do not require elaboration.

*Judgment affirmed: All the Justices concur.*