27207.   RANDALL *v.* THE STATE.

DECIDED JANUARY 27, 1939.   REHEARING DENIED MARCH 24, 1939.

*F. Joe Turner, James R. Venable,* for plaintiff in error.
*John A. Boykin,* solicitor-general, *J. W. LeCraw,* contra.

BROYLES, C. J.   The defendant was convicted of the offense of having in his possession, on February 25, 1938, certain described burglary tools, with the intent to use them in committing burglary and larceny.   His motion for new trial, consisting of the general grounds and six special grounds, was overruled, and that judgment was assigned as error.   The general grounds, not having been argued or insisted upon in the brief of counsel for the plaintiff in error, are treated as abandoned.   The first special ground complains of the admission of certain evidence for the State, over the objections of the accused.   It appears that the defendant, in his statement to the jury, admitted the possession of some of the alleged burglary tools, but denied that he had them with the intent to use them in the commission of a burglary or other crime. The State, in rebuttal, introduced evidence showing that in September, 1937, the business place of the West Lumber Company at 316 Peters Street, Atlanta, Georgia, was burglarized, and that among the fruits of the burglary was a .32 Colt's revolver, police model, No. 219335, and that a few weeks after the burglary the defendant had the identical revolver in his possession and stated that he got it from the West Lumber Company.   The accused, having admitted his possession of some of the alleged burglary tools, but having denied any intent to use them in a burglary or larceny, his guilt or innocence depended upon his intent in possessing the tools; and the evidence for the State, introduced in rebuttal of the statement of the defendant, was admissible to show such intent.

The offense of burglary and the offense of possessing burglary tools, with the intent to use them in a burglary, are crimes of like character, and the evidence was sufficient to authorize a finding that the defendant had previously burglarized the premises of the West Lumber Company, and the further finding that in the instant case he was in possession of the burglary tools with the intent to employ them in some other burglary or larceny. We think that the evidence was properly admitted. See *Crawford* v. *State*, 49 *Ga. App.* 801 (176 S. E. 92); *Phillips* v. *State*, 51 *Ga. App.* 675, 678 (181 S. E. 233); *Lewis* v. *State*, 57 *Ga. App.* 340 (2) (195 S. E. 285); *Barnes* v. *State*, 57 *Ga. App.* 183 (194 S. E. 839).

The fifth special ground assigns error upon the following excerpt from the charge: "The State contends in this case, and the defendant by his plea of not guilty denies, that a conspiracy existed between the defendant on trial and the other defendant named in the indictment, W. C. Hood, to commit the crime which, in this indictment, is the possession of these implements or instruments commonly referred to as burglary tools." The ground contends that the court expressed its opinion as to what had been proved in the case when it said that the instruments, which had been introduced by the State, were "commonly referred to as burglary tools." We see no merit in this ground. The excerpt, properly construed, meant merely that the State contended that the instruments were commonly referred to as burglary tools.

The remaining special grounds complain of alleged errors of omission or of commission in certain excerpts from the charge. These excerpts, when considered in the light of the entire charge and the facts of the case, disclose no error requiring the grant of a new trial.

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*