27374.   FARLOW *v.* THE STATE.

DECIDED APRIL 5, 1939.

C. G. Battle, for plaintiff in error.

John A. Boykin, solicitor-general, J. W. LeCraw, contra.

GUERRY, J.   The defendant was convicted under an indictment charging him with the possession of burglary tools as defined in the Code, § 26-2701, with the intent to use them in the commission of a crime.   It was shown that he was in possession of the tools named, and that the tools were such as were commonly used in safe-blowing and other burglaries, and how they were used.   It was also shown that defendant had assisted in several other burglaries, in which he had used tools and instruments such as cotton, eye-dropper, nitroglycerin, dynamite caps, fuses and flashlight batteries, similar to those found in his possession.   He insists that the court erred in permitting the State, over his objection, to prove the facts and circumstances of other burglaries engaged in by the defendant sometime before the crime alleged.

■   The gist of the crime as charged in this case is that the defendant possessed the named articles with the intent to use or employ them in the commission of a crime.   After proof of possession it is also necessary to prove the intent with which they are possessed.   As was said in *Maynard* v. *State*, 47 *Ga. App.* 221 (170 S. E. 265), "Intent being one of the essential elements of the crime charged in an indictment for larceny after trust, evidence relating to other similar transactions is admissible, under the exceptions to the general rule, where it tends to prove intent."   In *Farmer* v. *State*, 100 *Ga.* 41, 43, (28 S. E. 26), this language was used: "While it is a general rule that upon the trial of a person for a criminal offense, other and distinct criminal transactions can not be given in evidence against him, yet according to the weight of authority, evidence of other representations or transactions may be received as tending to show motive or *intent* [italics ours] when the transactions are so connected in time and so similar in their other relations that the same motive may reasonably be imputed to all."   This same opinion, quoting from Justice Story, says "In all cases where the guilt of the party depends upon the intent, purpose or

design with which an act is done, or upon his guilty knowledge, I understand it to be a general rule that collateral facts may be examined into in which he bore a part, for the purpose of establishing a guilty intent." The fact that the defendant was in possession of the named tools, and the further fact that he had on two other occasions used similar tools in committing burglaries, authorized an inference that his possession was with criminal intent. Intent in such a case is not a presumption of law, but a matter of fact for the jury. "Being a secret operation of the mind it can only be ascertained by the acts and representations of the party." When the evidence tends to show motive, intent, purpose, and the like, it comes within the exception to the general rule. There was no error in admitting the evidence objected to. The facts of this case are clearly distinguishable from those in *Booth* v. *State,* 160 *Ga.* 271 (127 S. E. 733).

■ The matter of allowing either side to reopen the case and introduce additional evidence after he has announced closed, is addressed to the sound discretion of the trial judge. The evidence supported the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*