28669. MURPHY *v.* THE STATE.

DECIDED FEBRUARY 13, 1941. REHEARING DENIED APRIL 1, 1941.

*James R. Venable, R. E. Church, Jack L. Barwick,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews,* contra.

BROYLES, C. J.   John W. Murphy, alias J. M. Murphy, and Carl Weeks, alias James A. Wallace, alias J. C. Allen, alias W. L. Alferson, were jointly indicted for the offense of possessing burglary tools, with the intent to employ them in committing burglary and larceny.   The indictment further charged that each of said defendants, prior to the commission of the above-alleged offense, had been convicted in the superior court of Fulton County of several other felonies, including the possession of burglary tools, burglaries, and the larceny of automobiles.   The numbers of the indictments in those cases, showing the convictions of the defendants, were set forth in the indictment in this case.

■ Murphy was tried separately and convicted of the offense charged.   The verdict read as follows:   "We the jury find the defendant John W. Murray guilty, and sentence to not less than 10 yr. an more than 10 yr.   Forman C. M. Nelms C. M. Nelms."   The defendant filed a motion in arrest of judgment on the following grounds:   (1)   The verdict is void and does not have such a reasonable intendment as to support a valid sentence of the defendant, John M. Murphy.   (2)   The verdict does not find the defendant John M. Murphy, or said Murphy, guilty.   It does not fix the punishment, but attempts to sentence, which is not within the province of the jury, but is a function of the court.   (3)   The term of punishment is not definitely fixed, and if "yr." is considered a correct abbreviation for "years," then the sentence is for more than is provided by law for the crime charged.   (4)   The verdict is not signed by the foreman of the jury but apparently by two men, with the word "foreman" written above their names, and it can not be ascertained by reading the record which, if either, of the men was foreman.   (5)   The verdict is so ambiguous that no reasonable, definite, or accurate meaning can be ascertained from reading it.   The motion was overruled, and the defendant excepted to that judgment.   We see no error in the judgment.   The fact that the jury inadvertently wrote in the verdict the defendant's name as "Murray," instead of "Murphy," does not invalidate the verdict.   The defendant John W. Murphy, alias J. M.

Murphy, was the only person on trial, and the verdict, finding "the defendant John W. Murray" guilty, could only mean the defendant John W. Murphy, alias John M. Murphy. See, in this connection, *Davis* v. *State,* 153 *Ga.* 154, 157 (112 S. E. 280). The fact that the verdict appears to have been signed by two persons, with the word "forman" written above their names, is a mere irregularity and does not make the verdict illegal. "While it is the better practice that the jury, after agreeing upon a verdict, should cause it to be written upon the initial pleading, to be dated, and to be signed by one of the jurors as foreman, still none of these details are essential to a legal verdict." *Southern Express Co.* v. *Maddox,* 3 *Ga. App.* 223 (59 S. E. 821) ; *Roberts* v. *State,* 14 *Ga.* 18. The controlling question is, was the verdict returned against the defendant on trial, and was it the verdict of all the jurors? Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity. Code, § 110-105. The other grounds of the motion are without merit.

■ The defendant also moved for a new trial, the motion was denied, and that judgment is assigned as error. The special ground of the motion, complaining of the admission in evidence of various tools and articles found on the person of the defendant and identified by the arresting officers as tools and articles commonly used in the commission of burglaries, is without merit. Such evidence tended to establish the defendant's guilt of the offense charged and was admissible notwithstanding the tools and articles were discovered by an unlawful search and seizure of the defendant's person. *Calhoun* v. *State,* 144 *Ga.* 679 (2) (87 S. E. 893). The remaining special grounds complain of the introduction in evidence of the several indictments specified in the instant indictment. The indictments showing former convictions of the defendant Murphy and his codefendant Weeks for similar crimes were admissible in order to invoke the "second offense law," and also to show the intent of the defendant Murphy in possessing the burglary tools in the instant case. *Farlow* v. *State,* 59 *Ga. App.* 881 (2 S. E. 2d, 500) ; *Randall* v. *State,* 59 *Ga. App.* 749 (2 S. E. 2d, 163). The defendant Murphy and his codefendant Weeks having been jointly indicted for possessing burglary tools, and the evidence showing that they were together when arrested, and that burglary tools were

found on both of them, and both of them having denied possessing the tools for any unlawful purpose, it was incumbent on the State to show in this case that the defendant Murphy had such tools with the intent to use them in committing a burglary, and evidence showing that his associate and codefendant was also a convicted burglar was admissible as tending to prove such intent. In proving the burglarious intent of the accused in having burglary tools in his possession, the State will be permitted to show that he is a burglar and that he associates with burglars. State *v.* Hefflin, 338 Mo. 236 (89 S. W. 2d, 938, 103 A. L. R. 1301) ; People *v.* Howard, 73 Mich. 10 (40 N. W. 789). Furthermore, the admission of evidence, showing the previous bad character of a codefendant, can not be assigned as error by the defendant, where the defendant and the codefendant are tried separately. Underhill On Criminal Evidence (4th ed.), 291. The verdict was amply authorized by the evidence.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*