## 38992. SMITH v. THE STATE.

TOWNSEND, Presiding Judge. 1. The amended motion for new trial contends that it was error, on the trial of an indictment charging the defendant with simple larceny in that he did take and carry away a certain described cow with intent to steal the same, for the court to fail to charge in the absence of request the language of *Code* § 26-2602 relating to simple larceny and *Code* § 26-2607 relating to cattle stealing. It is better practice to define the offense in the language of the Code. However, where, as here, the court read the indictment to the jury, which indictment was in the language of *Code* § 26-2607, and instructed them that the State must prove every material allegation thereof before a conviction would be authorized, the accused was not harmed thereby. *Hall v. State*, 86 Ga. App. 448 (4) (71 SE2d 668).

2. It was not error to overrule the motion for a mistrial on the ground that the solicitor in questioning a witness had brought out an answer that placed the defendant's character in issue, where it appears that, to the only question asked which might have elicited an answer showing that the defendant had been in previous difficulties, no response was in fact made. *Brannan v. State*, 43 Ga. App. 231, 234 (158 SE 355).

3. Special ground 3 of the amended motion for a new trial complains of the failure of the trial court to charge the law of circumstantial evidence as related to the law of conspiracy. The court gave a correct charge on the law of circumstantial evidence generally and instructed the jury that before such evidence would support a conviction it must exclude every other reasonable hypothesis save that of the guilt of the accused. Had the defendant desired further instructions on the subject he should have made a timely written request. *Fortson v. State*, 69 Ga. App. 378 (1) (25 SE2d 820) and citations.

4. The evidence most favorable to sustaining the verdict of guilty on this indictment for cattle stealing is as follows: a witness coming along the road in an automobile observed three men who appeared to be over the fence from a distance of about 125 steps, at which instant a cow "came sailing over the fence"; that his view was momentarily hidden; that "the defendant and the others were around the cow, which was up in the air"; that the defendant was standing between

the witness and the cow; that as his automobile emerged from behind some pine trees which momentarily obscured his view two of the men jumped into an automobile, which had been backed off the road and into a ditch, and left the defendant and his 13 year old son standing there; that he talked with the defendant on the highway about 20 feet from the cow which was kicking and dying. The cow was proved to be a yearling belonging in the pasture and the property of the prosecutor; it had been killed by a rifle bullet in the head. There was some white hair on the defendant's beard similar to some of the hair on the cow. The defendant was intoxicated and staggering at the time. He told one witness that he had nothing to do with it and would not have been there if he had not been drinking; he told another that he didn't want to shoot the cow, he tried to get them not to do that, but the other two men made him go with them. Again, he said he just got off in some bad company. To the sheriff he said he did not shoot the cow and if he got out of this trouble he was going to stay out. The defendant's son testified that his father was drunk and asleep in the back seat of the automobile; that at one point the driver awakened him and asked him which way to go; that he heard nobody make any plans about shooting the cow; that his father did not shoot it or help steal it; that the rifle was lying in the car and the driver took it out and shot the cow. In his statement the defendant said he was going to the river that day, adding: "And we got up on the road and he went past the pasture and then come back up there and he got the rifle and I started to getting out; and he shot the cow and we had started off—and we went to get in and saw a car coming and he run off."

This court cannot say as a matter of law that the verdict is entirely without evidence to support it. The general grounds of the motion for a new trial are without merit.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED JULY 14, 1961—REHEARING DENIED JULY 26, 1961.

*J. Laddie Boatright,* for plaintiff in error.
*Jack W. Ballenger, Solicitor-General,* contra.