## 40048. SHELLY v. THE STATE.

JORDAN, Judge. The defendant under indictment in the Superior Court of Fulton County for the offense of having in his possession in Fulton County on December 11, 1961, certain described burglary tools with the intent to use them in committing burglary and larceny, filed a plea of autrefois convict in which he alleged that he had been tried and convicted in the Superior Court of DeKalb County for the offense of burglary committed on December 11, 1961, in DeKalb County, and contended that said conviction was a bar to the present indictment for possessing burglary tools. This plea was dismissed on motion of the State and the defendant was tried and convicted. His amended motion for new trial was denied and the exception is to that judgment and to the order of the

trial court dismissing his plea of autrefois convict.  *Held:*

1. The offense of possessing burglary tools is not a necessary element in, and does not constitute an essential part of, the offense of burglary.  The two offenses are separate and distinct and a person being prosecuted for either is in no jeopardy of being convicted of the other, or of being convicted of an offense which is an essential part of the other.  Therefore, the conviction of the accused upon the indictment for burglary could not support a plea of autrefois convict to the indictment for possessing burglary tools; and the trial court did not err in sustaining the State's motion to dismiss the plea.  See *Bell v. State,* 103 Ga. 397, 402 (30 SE 294, 68 ASR 102); *Smith v. State,* 105 Ga. 724 (32 SE 127); *Pat v. State,* 116 Ga. 92 (42 SE 389); *Blair v. State,* 81 Ga. 629 (7 SE 855).

2. "A ground of a motion for new trial complaining of the admission of evidence which was admitted by the court conditionally or provisionally is not valid where it does not appear in the ground that the objection was renewed.  Failure to renew the objection amounts to a waiver." *Trammell v. Shirley,* 38 Ga. App. 710, 721 (145 SE 486).  The trial court having admitted the evidence complained of in special ground 1 conditionally, subject to its being connected by the State, and the defendant having failed to renew his objection to said evidence, this ground is without merit.

3. Intent is one of the essential elements of the crime charged in an indictment for possessing burglary tools as defined in *Code* § 26-2701 with intent to use them in the commission of a crime, and evidence relating to other similar transactions is admissible to prove intent.  *Randall v. State,* 59 Ga. App. 749 (2 SE2d 163); *Murphy v. State,* 64 Ga. App. 690 (2) (13 SE2d 870).  "Intent, being a secret operation of the mind, can be ascertained only by acts and representations of the party.  On the trial of one accused of possessing burglary tools with intent to commit a crime therewith, it was not error to allow evidence that the defendant had sometimes previously used similar tools in the commission of other burglaries." *Farlow v. State,* 59 Ga. App. 881 (2 SE2d 500).  Under the rulings of this court in the cases cited above the trial court did not err in allowing evidence relating to the commission of a burglary by the defendant to be introduced by the State for the purpose of proving intent on the part of the

defendant; and special grounds 5, 6, 7, 8 and 9 are without merit.

4. The remaining special ground assigns error on the refusal of the trial court to grant a mistrial because of remarks made by the assistant solicitor general during his argument to the jury, the remarks complained of being to the effect that the defendant had been arrested before he had an "opportunity" to commit another burglary. Conceding that such argument was framed in improper language, the trial judge upon objection of counsel for the defendant instructed the assistant solicitor general to stay within the evidence in his argument, and specifically instructed and cautioned the jury to disregard the remarks complained of. Under these circumstances and in view of the fact that the matter of granting a mistrial is "largely within the discretion of the court; and unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion will not be interfered with" *Manchester v. State,* 171 Ga. 121, 132 (155 SE 11), it cannot be said that the trial court erred in refusing to grant a mistrial in this case. *Johnson v. State,* 209 Ga. 333 (6) (72 SE2d 291).

5. The general grounds are without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED MAY 8, 1963.

*James R. Venable,* for plaintiff in error.

*William T. Boyd, Solicitor General, J. Walter LeCraw, Eugene L. Tiller, Assistant Solicitors General,* contra.

