41452. HOSPITAL AUTHORITY OF THE CITY OF ST. MARYS v. EASON, Administrator.

ARGUED SEPTEMBER 13, 1965—DECIDED MARCH 30, 1966—

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell, Robert W. Harrison, Jr.,* for plaintiff in error.

*Nathan, Hutto & Lee, Jack S. Hutto,* contra.

BELL, Presiding Judge. █ *The petition stated a cause of action. The trial judge did not err in overruling the defendant's general demurrer.*

The amended petition alleges, inter alia, that plaintiff was admitted as a pay patient in defendant's hospital and had a paralyzed condition and a speech impediment. That defendant's agents left the plaintiff alone while the plaintiff was smoking his pipe in bed, which in the exercise of ordinary care should not have been done. That the defendant had knowledge that the plaintiff was paralyzed and could not take the pipe safely out of his mouth. The pipe fell from plaintiff's mouth, setting fire to the bed, causing plaintiff to be burned.

A hospital in which patients, for a charge, are placed for treatment, and which undertakes to care for the patients and supervise and look after them, "is under the duty to exercise such reasonable care in looking after and protecting a patient as the patient's condition, which is known to the hospital through

its agents and servants charged with the duty of looking after and supervising the patient, may require. This duty extends to safeguarding and protecting the patient from any known or reasonably apprehended danger from himself which may be due to his mental incapacity, and to use ordinary and reasonable care to prevent it." *Emory University v. Shadburn,* 47 Ga. App. 643 (1) (171 SE 192), affirmed in *Emory University v. Shadburn,* 180 Ga. 595 (180 SE 137); *Hospital Authority of Hall County v. Adams,* 110 Ga. App. 848, 852 (140 SE2d 139). There can be no question but that the rule applies to a patient's "physical" incapacity such as that induced by paralysis as well as to a patient's incapacity which is caused by some mental deficiency.

■ Special demurrers 3, 4, 6, 7 and 12 all object to the failure of the petition to allege definitively rather than generally various matters which rest peculiarly within the defendant's knowledge or refer to alleged acts performed by defendant's agents within the scope of their authority the identity of whom the petition asserts is "unknown to the plaintiff but well known to the defendant." The trial judge did not err in overruling these special demurrers. *Davis v. Homer Lumber Co.,* 211 Ga. 144 (2) (84 SE2d 59); *American Thread Co. v. Rochester,* 82 Ga. App. 873 (4) (62 SE2d 602).

Special demurrer 8 attacks paragraph 19 of the petition for uncertainty and indefiniteness, objecting in substance that there are no allegations in the petition showing why the defendant owed the plaintiff the duty to furnish him with trained personnel to look after him or why, if trained personnel had been furnished, the plaintiff nevertheless would not have suffered his injuries. Special demurrer 9 attacks the same paragraph as alleging a mere conclusion without asserting facts showing why the defendant was required to furnish personnel to look after plaintiff. The paragraph is neither uncertain nor indefinite nor is the allegation a mere conclusion since the petition is replete with allegations sufficient to bring the pleading within the rule stated in the *Shadburn* case and followed in *Adams,* supra.

No error was committed in overruling these demurrers or in overruling special demurrers 10 and 11.

■ *The evidence supported the verdict. No error is present*

*in the trial court's denial of the defendant's motion for judgment n.o.v. or in the denial of the general grounds of the motion for new trial.*

The petition alleged that plaintiff was injured while a patient in the defendant's hospital through the negligence of an employee of the hospital in lighting plaintiff's pipe and then leaving plaintiff alone with the pipe lighted knowing that plaintiff was paralyzed and would be in danger if left alone. Evidence of the following facts and circumstances was presented at the trial: The plaintiff was admitted to the hospital two days before the fire occurred. A pipe, tobacco and matches had been on a table beside another bed in the plaintiff's room in a place where the plaintiff could not have reached them because of his paralyzed condition. A person visiting a patient across the hall from the plaintiff's room discovered at about 2:50 p.m. that the plaintiff's bed was burning and called for help. There were at least six nurses and attendants working in that part of the hospital. The hospital attendants knew that plaintiff was paralyzed and could not safely be left alone smoking in bed. One attendant testified that during the morning of the same day plaintiff had smoked his pipe while a visitor was with him; while the visitor was there an attendant went into the room to give the plaintiff a bath and the visitor left; the attendant took the pipe from the plaintiff and put it on the table beside the other bed in the room. Attendants testified that 5 to 10 minutes before the fire was discovered attendants had been in the plaintiff's room and left a pitcher of ice, and that no one else was in the room at that time. Attendants testified that they found the pipe and matches on the floor after the fire. There was no testimony that anyone other than hospital employees had been in the plaintiff's room since the morning visitors left or after the attendants had been in the room. A relative of the plaintiff testified that he arrived when there was smoke coming out of the plaintiff's door and the hospital employees were busy in the room.

From this evidence reasonable minds might draw an inference that plaintiff's allegations of negligence were true, and that the fire resulted from this negligence. See *McCann v. Lindsay*, 109 Ga. App. 104 (135 SE2d 519). Assuming that the evidence

would also support a reasonable inference that the cause of the fire was something other than a negligent act or omission of the plaintiff or of the defendant (that there is no evidence of negligence on the part of the plaintiff see Division 12 of this opinion), it would be for the jury to determine whether the evidence preponderated toward the inference that the fire was caused by the defendant's alleged negligence, or the inference that it was caused by an event not precipitated by negligence. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 180 (129 SE2d 408), cert. denied, 107 Ga. App. 891; *Old Colony Ins. Co. v. Dressel,* 109 Ga. App. 465, 468 (136 SE2d 525), affirmed 220 Ga. 354, 357 (138 SE2d 886). See *McCann v. Lindsay,* 109 Ga. App. 104, supra.

■ Special grounds 5 and 6 object to the admission of certain testimony of the plaintiff's sons, Jessee and James M. Eason.

In the light of the brief of the evidence, it is unnecessary for us to decide whether the evidence was illegal and thus erroneously admitted over objection since substantially the same evidence was elicited from Earl J. Johnson, the defendant's hospital administrator, without objection. "Assuming for the purposes of this opinion that the evidence was inadmissible and, in addition, proper objection or motion to strike was made (see the procedure in *Thornton v. King,* 81 Ga. App. 122, 130 (58 SE2d 227)), our inquiry must proceed one step further. If other evidence of a like nature or to the same effect was introduced without objection, error requiring a reversal is not shown. *Sapp v. Callaway,* 208 Ga. 805 (3) (69 SE2d 734); *Stewart v. Ellis,* 130 Ga. 685 (2) (61 SE 597); *Wages v. Wages,* 202 Ga. 155 (2) (42 SE2d 481); *Cochran v. State,* 212 Ga. 245 (1d) (91 SE2d 601). This principle of law is applicable whether the evidence be elicited on direct examination or cross examination. See *Rabun v. Wynn,* 209 Ga. 80 (7) (70 SE2d 745)." *Lowe v. Athens Marble &c. Co.,* 104 Ga. App. 642, 643 (122 SE2d 483). See *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384 (3) (130 SE2d 355); *Hudson v. State,* 108 Ga. App. 192 (2) (132 SE2d 508); *Moulder v. State,* 108 Ga. App. 588 (2) (134 SE2d 61); *General Gas Corp. v. Whitner,* 110 Ga. App. 878 (5) (140 SE2d 227).

■ Special ground 7 urges as erroneous the trial court's ex-

cluding on objection detailed testimony of Earl J. Johnson, the defendant's hospital administrator. The testimony excluded was to the effect that the defendant's board of trustees had formed a committee to investigate the fire in question and had concluded that the defendant was not at fault.

Among numerous reasons why the testimony was properly stricken, including the most obvious that it was a mere self-serving declaration, there is demonstrated that Johnson testified not from his own knowledge but from the opinions of others. His "testimony was no stronger than the hearsay upon which it was based, and that means that it was without probative value." *Harper v. Harper,* 220 Ga. 770, 771 (141 SE2d 403).

■ In special ground 8 the defendant contends that the trial court's instruction on res ipsa loquitur was inapplicable to the case because the evidence did not show that the hospital had exclusive control over the pipe and matches which in combination constituted the instrumentality causing the fire injuring plaintiff.

It is true in res ipsa loquitur cases that it is essential for the evidence to demonstrate the defendant's control of the situation causing the injury. It is not enough that the injury did in fact occur or that the injury would not have occurred in the absence of negligence. A mere inference that someone was negligent is insufficient to hold anyone liable. It is necessary that the inference point to the defendant. In other words, in a res ipsa case not only must the circumstances be such as to give rise to an inference that someone has been negligent, but it must also be shown that the defendant's control of the situation was such that the inference of negligence points to the defendant.

The matter of control is a fact. That fact, like any other, may be proved by circumstantial evidence. Thus in this case, it is necessary only that there be present evidence of one fact, or of a set of facts, pointing to the defendant's control from which the existence of control may be reasonably inferred. Here the record authorizes this inference. The evidence shows that the defendant knew that the plaintiff was both vocally and physically paralyzed, knew of the pipe in plaintiff's room, and knew that plaintiff smoked it. Having accepted the plaintiff as a patient

in its hospital, the defendant was under a duty to look after and protect the plaintiff as his physical condition known to them required. The duty extended to safeguarding and protecting the patient from any known or reasonably apprehended danger. *Emory University v. Shadburn,* 47 Ga. App. 643, supra; *Hospital Authority of Hall County v. Adams,* 110 Ga. App. 848, supra. Under the circumstances of this case, the defendant should have reasonably foreseen the danger that the paralyzed patient would be left unattended while smoking his pipe. That this danger was in fact foreseen by the defendant is shown by the testimony of the director of nurses that instructions had been given to the hospital personnel not to leave the plaintiff alone when smoking. Charged with this foreseeable risk, the defendant, in the exercise of the due care required of a hospital toward a patient under its supervision, was under a duty to control the object presenting the possibility of harm. Under these circumstances the defendant not only had the right to exercise control over the pipe but it had the duty to do so. That the defendant had the opportunity to exercise that right is made clear by the evidence. It is enough to meet the requirement of control that the defendant had the right to exercise it and the opportunity to do so.

The charge was not inapplicable for the reason assigned.

■ Special ground 9 objects to the court's instruction on res ipsa loquitur on the ground that the charge was inapplicable to the case since the plaintiff did not show that the defendant's employees were the only possible ones that could have left the pipe in plaintiff's mouth. The contention is made that since the evidence showed that the fire occurred during visiting hours and that visitors were seen in the hallway, any one of the visitors could have lit the pipe causing the fire. There is, however, no evidence at all that any visitor was in the plaintiff's room after the attendants of the hospital had been in his room some 5 to 10 minutes before the fire was discovered.

In Georgia, "Moral and reasonable certainty is all that can be expected in legal investigation. In all civil cases the preponderance of evidence is considered sufficient to produce mental conviction." *Code* § 38-105. "In civil cases the burden of proof may be carried by a preponderance of the evidence, which is that

superior weight of the evidence upon the issues involved which is sufficient to incline a reasonable or impartial mind to one side of the issue rather than to the other." *Supreme Conclave Knights of Damon v. Wood,* 120 Ga. 328, 329 (47 SE 940). In a res ipsa case, "The plaintiff is not required to eliminate with certainty all other possible causes or inferences, which would mean that he must prove a civil case beyond a reasonable doubt. All that is needed is evidence from which reasonable men can say that on the whole it is more likely that there was negligence associated with the cause of the event than that there was not. It is enough that the Court cannot say that the jury could not reasonably come to that conclusion." Prosser, Law of Torts, 3d Ed., p. 222.

The ground is without merit.

■ Special ground 17 objects to an extract lifted from the court's instruction on res ipsa loquitur.

The discussions and holdings in Divisions 6 and 7, supra, control adversely to appellant the contentions made in subparagraphs (a) and (c) of special ground 17. Subparagraph (b) of the ground objects that the court's one sentence that "if the plaintiff had proved . . . that no one else was in Mr. Eason's room at the time . . ." was misleading as to what "time" the court was referring to. There is no merit in this contention, as the principal subject of investigation at the trial was the event of the fire injuring plaintiff, and considering the court's instructions as a whole the jury could not have been misled by the "time" to which the court referred.

■ Special ground 10 of the motion for new trial objects in general terms only to a portion of the trial court's charge. This ground has no merit since the portion complained of contains several distinct propositions one or more of which are correct in the abstract. In that status "the general assignment of error is not good and will not be further considered, because it in effect alleges that all of such portion is erroneous and does not show to which of the propositions, the correct or the erroneous, it is intended to take exception." *Burden v. Gates,* 190 Ga. 300 (2) (9 SE2d 245); *Liberty Nat. Life Ins. Co. v. Power,* 112 Ga. App. 547, 555 (145 SE2d 801).

■ Although conceding that the trial judge had given elsewhere in his charge to the jury a particular correct and applicable instruction, special ground 11 urges that the trial court erred in not repeating it in immediate connection with the instruction on res ipsa loquitur.

This ground is without merit. See *Hix v. Headrick,* 97 Ga. App. 540, 542 (103 SE2d 516); *Dukes v. Pure Oil Co.,* 112 Ga. App. 111, 115 (143 SE2d 769).

■ Ground 15 objects to the failure of the judge to charge on the defense of unavoidable accident as raised by the defendant's pleadings. There is no merit in this ground as the evidence in the case did not support the contention. *Phillips v. Howard,* 109 Ga. App. 404, 407 (136 SE2d 473); *Grimes v. Gano,* 111 Ga. App. 543 (142 SE2d 413).

■ Special grounds 14 and 16 assign as error the failure of the trial judge to instruct the jury regarding the failure of the plaintiff to exercise ordinary care for his own safety and in failing to instruct on the principle of comparative negligence.

These defenses were specifically pleaded by the defendant and if authorized by the evidence the law governing them should have been included in the court's instructions to the jury.

There was evidence in the record that the plaintiff when smoking his pipe "partially" held the pipe; "his left hand was able to come all the way up to his mouth"; he had sufficient use of his left arm and left hand to pick up a glass; "he couldn't hold it [the pipe] too well by himself, he could hold it some with his left hand." However, this evidence of some physical use in plaintiff's left hand and left arm, standing unsupported as it does by evidence of other facts upon which an implication of plaintiff's negligence could be based, is insufficient to authorize an inference of plaintiff's negligence.

There is no evidence showing any mental impairment of the plaintiff. In absence of that showing the presumption is that the plaintiff despite his paralysis had normal mental competency and the inference is that he could communicate to others by some means his wish to smoke and could also refuse to accept the pipe when he did not want to smoke. However, in light of the total absence of evidence showing the identity of the one who offered

him the pipe, lit it for him and then left him alone, when coupled with the fact that there is no evidence whatsoever that plaintiff accepted the pipe with the knowledge that he would be left alone and unattended, there cannot arise an inference against plaintiff of negligence from the mere fact of his smoking the pipe while alone and unattended. On the other hand, from the facts of this case the inference is demanded that plaintiff, a pay patient in the hospital who was paralyzed and could not talk, had the right to expect and to rely on the belief that, if offered his pipe he would not be left unattended while smoking.

Thus from the mere fact alone that plaintiff was smoking his pipe while unattended, the evidence is not reasonably subject to the inference that plaintiff was negligent or failed to exercise due care for his own safety.

There is no evidence whatsoever in the record that the plaintiff through his own efforts could procure his pipe and matches or light his pipe. To the contrary, the evidence demands the inference that the paralyzed physical condition of the plaintiff precluded altogether his leaving his bed, procuring the pipe and matches which the evidence shows were kept on a table beyond plaintiff's reach, then getting back in bed and lighting the pipe.

Thus, the evidence in its entirety failed to support the allegations of the defendant's affirmative answer that the plaintiff had failed to exercise ordinary care for his own safety and was guilty of negligence.

The trial court did not err in failing to charge the law upon defenses pleaded by the defendant which the evidence did not support.[1]

---

[1]This case, obviously, was tried prior to August 1, 1965, and is governed by the rules of appellate procedure in effect at that time. While a reversal here is not necessitated by the failure of the court to charge the principles urged, the objection graphically demonstrates, we think, the wisdom underlying enactment of Sec. 17 (a) of the Appellate Practice Act of 1965. See Division (a) of Judge Eberhardt's dissent in which all nine judges of the court concurred in *Dowis v. McCurdy,* 109 Ga. App. 488, 496 (136 SE2d 389). And see Leverett, Appellate Procedure Act of 1965, Ga. State B. J., v. 1, no. 4, May, 1965, pp. 484-485.

■ Special grounds 12 and 13 object to the denial of the defendant's two separate motions for a mistrial each based on alleged improper remarks of plaintiff's counsel in his closing argument to the jury. In each instance the court merely denied the motion without comment.

It is unnecessary for us to decide whether the remarks of plaintiff's counsel were improper or, if improper, whether they were prejudicial to a degree requiring reversal. The record shows that the motions for mistrial were made after the arguments were completed, after the judge had finished his charge, and after the jury had retired to consider its verdict. No objection to the alleged improper comments was made at any other time. Under these circumstances, the defendant is deemed to have waived his right to object to the remarks.

*Judgment affirmed. Hall, J., concurs. Frankum, J., concurs in the judgment.*