41995. KITCHENS v. THE STATE.

ARGUED MAY 3, 1966—DECIDED MAY 13, 1966.

*Walter M. Henritze, Jr., Henritze, Baker & Bailey,* for appellant.

*Lewis R. Slaton, Solicitor General, George K. McPherson, Jr., J. Walter LeCraw, Amber W. Anderson,* for appellee.

DEEN, Judge. ■ Certified copies of two indictments for burglary against the defendant were introduced in evidence over objection. One, with sentence thereon, was in the year 1954. The record is confused as to whether the other crime was committed in 1954 or 1964, and as to whether or not sentence was imposed. In either event, the indictments referred to entirely independent transactions and violate the rule of *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) that "evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." The fact that other burglary convictions were introduced without objection against Cannon, Mauldin and Anglin, with dates scattered between 1936 and 1962, does not help the situation, since the most that can be said of these convictions is that they show a criminal bent of mind on the part of the alleged accomplices. They in no way tend to prove any conspiracy to commit the crime in question. Where, as in *Murphy v. State,* 64 Ga. App. 690 (2) (13 SE2d 870), prior felony convictions are intended to be proved under *Code* § 27-2511 for the purpose of obtaining a maximum sentence, the previous convictions must be alleged in the indictment as well as proved on the trial of the case. *Tribble v. State,* 168 Ga. 699 (148 SE 593).

The decision in *Shelly v. State,* 107 Ga. App. 736 (3) (131 SE2d 135) does not mean that any prior burglary conviction can be introduced to show that the intent of the defendant in possessing the tools was felonious. Where a particular group of tools has been used in a particular way in previous burglaries related in point of time, the evidence may be admissible to show modus operandi, or it may be shown that the tools in question have in fact been used by the defendant in the commission of

the crime for the purpose of showing the intent accompanying the possession. The evidence introduced in the *Shelly* case was that earlier the same night in which he was apprehended the defendant used the tools in question to burglarize a store in another county, the proof being in part that articles stolen from the store were found in his possession and that a missing piece of a broken screwdriver found among the tools was located at the scene of the crime. Such evidence meets the criterion that, to be admissible, proof of the extraneous crime must tend to establish commission of the one in question. Indubitably, the admission of the indictment and convictions to which objection was made constitutes reversible error.

■ The evidence construed in its light most favorable to the verdict authorizes a finding that two persons entered the building; that one shouted a warning to the other and was then shot and captured; that within a length of time that was short but sufficient for the other man to reach an automobile waiting in front of the building such a car was heard to leave at high speed, that the burglar who was apprehended identified Mauldin as the driver of the car which brought them to the building; that at a short distance away and within a very few minutes Mauldin was located driving an automobile with the defendant and another man in it; that a croker sack containing burglar tools was thrown from this car and that the car and passengers were apprehended shortly thereafter. In view of all these circumstances the jury was authorized to conclude that Kitchens was in the car when the burglars went to the building for the purpose of burglarizing it rather than to accept his explanation and conclude that he had entered the car for some innocent reason after it left the building and before it was first identified by the police. The occupants of the car possessed burglary tools which were jettisoned in the course of flight. The purpose of the possession was amply demonstrated by the fact that two men broke into and entered the building where the police were waiting for them. These facts are sufficient prima facie to establish the conspiracy to burglarize the building, and to possess tools for that purpose. *Weeks v. State,* 66 Ga. App. 553 (18 SE2d 503). Declarations of a co-conspirator during the pendency of the conspiracy are

admissible in evidence, pending both the act itself and its subsequent concealment. *Grace v. State,* 49 Ga. App. 306 (3) (175 SE 384). Throwing the tools from the car was an act of one or more of the co-conspirators in an effort to conceal the crime, and the conspiracy was still in existence for this purpose at least when Cannon made his statement to the police officers that Mauldin had brought him in his car. His statement to this effect was properly admitted, and there was sufficient evidence to support the verdict.

The case is reversed for the reason stated in the first division of this opinion.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*