45693.   BARRETO v. THE STATE.

PANNELL, Judge. A witness for the defendant charged with burglary while being cross examined by the prosecuting attorney testified that he was a good friend of the defendant and after so testifying was asked the following question: "Did you once take a warrant out charging him with the offense of . . . "at which point (Tr. p. 105), before the nature of the offense was given, an objection was made on the grounds that it had no bearing on the case. The court sustained the objection. At the conclusion of this witness's testimony and that of another

witness, and after the defendant had made his statement and after the defense rested and while the prosecution was considering the question of whether they would put up any evidence in rebuttal, counsel for the defendant (Tr. p. 123) made a motion to declare a mistrial because of the previous question objected to on the grounds that it put the defendant's character in evidence when the defendant had not done so. The motion was overruled without any instructions to the jury and upon his conviction the defendant appealed, enumerating as error the overruling of his motion for new trial. *Held:*

Pretermitting the question of whether the asking of the question was a proper one for testing the credibility of the witness (see *Kimbrough v. State,* 9 Ga. App. 301 (70 SE 1127)), the motion for mistrial was not timely and will be considered as having been waived because of delay in making the motion. See in this connection *Hospital Authority of the City of St. Marys v. Eason,* 113 Ga. App. 401, 412 (148 SE2d 499), reversed on other grounds in 222 Ga. 536 (150 SE2d 812); *Cato v. State,* 183 Ga. 277 (1) (188 SE 337); *Pulliam v. State,* 196 Ga. 782 (6, 7) (28 SE2d 139).

*Judgment affirmed. Eberhardt, J., concurs. Jordan, P. J., concurs specially.*

SUBMITTED OCTOBER 5, 1970—DECIDED DECEMBER 1, 1970—
REHEARING DENIED DECEMBER 16, 1970—CERT. APPLIED FOR.

*Andrew A. Smith,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, Tony H. Hight,* for appellee.

JORDAN, Presiding Judge, concurring specially. I concur in the judgment of affirmance but not for the reasons stated in the opinion. The majority opinion might be construed to indicate that a motion for a mistrial must be made immediately upon the happening of the occurrence upon which it is based, otherwise waiver would be effective against a later motion. In *Hospital Authority of the City of St. Marys v. Eason,* 113 Ga. App. 401, cited and relied upon in the opinion, the motion for mistrial was not made until after the court's charge and after the jury had retired to consider its verdict. In this case the record shows that the motion was

made after the evidence was concluded but before the charge of the court and the retirement of the jury, counsel's motion citing the question asked by the district attorney "just a few moments ago." In my opinion the motion made here meets the requirement that it must "be timely made" and that here it was made in adequate time for the court to take corrective action, if any was needed.

It is my further opinion, however, that the court did not err in overruling the motion for mistrial. It is well settled that the ruling on such a motion will not be disturbed unless there is an abuse of discretion. *Manchester v. State,* 171 Ga. 121, 132 (155 SE 11); *Johnson v. State,* 209 Ga. 333 (6) (72 SE2d 291); *Shelly v. State,* 107 Ga. App. 736 (4) (131 SE2d 135). Taking into consideration that the State is allowed wide latitude on cross examination to show bias or interest of a witness (*Thomas v. State,* 213 Ga. 237 (4) (98 SE2d 548); *Kimbrough v. State,* 9 Ga. App. 301 (70 SE 1127)) together with the fact that no response was made to the question asked (*Smith v. State,* 104 Ga. App. 217 (2) (121 SE2d 282)), it cannot be said that the trial court abused its discretion in denying the motion for mistrial.