### 33196. MORGAN v. THE STATE.

Nichols, Chief Justice.

Appellant was convicted of murder and sentenced to life imprisonment.

1. His first enumeration of error asserts that the trial court erred in overruling his objection to the testimony of a female witness about his having kicked her in the courthouse hallway during a lunch recess.

After the lunch recess and before recalling the jury, the court determined by questioning a deputy sheriff and appellant that appellant had broken away from the deputy's custody and repeatedly had kicked the witness until restrained by the deputy; that the incident caused the witness to scream, to cry, and otherwise to be visibly upset; that the attack was without provocation of any sort on the part of the witness, who was sitting quietly on a bench in the hallway when she was attacked. In respect to the kicking incident, the court asked appellant, "Is there anything else you want to tell the court?" Appellant responded, "That I don't regret it."

After the jury had returned and during cross examination of the witness, inquiry was made by defense counsel into her morals, psychiatric problems, drinking and drug habits, and her animosity toward the appellant in an effort to discredit her testimony. The

witness testified with her eyes down, avoiding, as best she could, looking at appellant or defense counsel.

On redirect examination, the district attorney asked the witness why she had testified with her head down in her hands and why she had not looked around. Defense counsel interposed an objection, and the court excused the jury. The court then determined from the witness that she had testified with her head down since she was afraid of the appellant because he "keeps threatening me and he kicked me out in the hall"; and that she was satisfied her fear had not kept her from telling the truth.

The district attorney contended that he had a right to argue to the jury that the demeanor of the witness resulted directly from her fear of the appellant and that in order to make the argument, he needed to have in the record the reasons for her fear. Defense counsel contended that he could argue to the jury that the witness "wasn't looking up because she wasn't telling the truth."

Under these circumstances the court, over objection of defense counsel, permitted the jury to hear the following testimony on redirect examination: "Q. Miss . . . [name of witness] are you afraid of the defendant, Jim Morgan? A. Yes. Q. Is it because of that fear that causes you to testify in the manner in which you did, that is, the way you looked down when you answered the questions? A. Yes. Q. What took place? A. He kicked me out in the hall. Q. Was that during lunch break? A. Yes."

Threatening a witness with injury to his person with intent to deter him from testifying freely, fully and truthfully as to any matter pending in court is a crime. Code Ann. § 26-2313. As a general rule, evidence of the commission by the accused of other crimes that are wholly independent of the one for which he is on trial is not admissible in a criminal prosecution. However, this court has declined to lay down a rule comprehending all possible cases in which evidence might be admissible, although it relates to the commission of other crimes. *Dorsey v. State,* 204 Ga. 345 (2) (49 SE2d 886) (1948).

The testimony to which the objection was addressed was elicited by the district attorney on redirect examination to explain the conduct of his witness after her character and veracity had been challenged by

defense counsel on cross examination and after defense counsel had announced to the court, out of the presence of the jury, that he could argue to the jury that her refusal to look up while testifying meant she was not telling the truth. The conduct and extent of redirect examination which follows and is intended to neutralize the effect of cross examination is left to the sound discretion of the trial court. *Aycock v. State,* 62 Ga. App. 812 (3) (10 SE2d 84) (1940); *Wisdom v. State,* 234 Ga. 650, 653 (217 SE2d 244) (1975). See also *Kimbrough v. State,* 9 Ga. App. 301 (70 SE 1127) (1911). No abuse of discretion has been shown. The first enumeration of error is without merit.

2. Appellant's second enumeration of error urges that the court erred in refusing to charge the law of voluntary manslaughter upon *oral* request of counsel for appellant.

Appellant testified that he took the knife away from the deceased and stabbed the deceased in self-defense after the deceased had chased and attacked him with the knife. The state's evidence was that appellant had made threats against the life of the deceased during the week before the homicide; that appellant was angry with the deceased on the day of the homicide and had expressed anger that day by stabbing and cutting with a knife a picture of the massacre at the Munich, Germany Olympics that the appellant, the deceased, and the female witness had kept in their house; that the appellant stabbed the deceased that night when they were alone together and later told conflicting stories, in some of which he denied any responsibility for the homicide, blaming it, instead, on an unknown person who allegedly ran away.

After hearing argument of counsel respecting whether or not there was slight evidence of voluntary manslaughter, the court denied the *oral* request and charged the law of murder and self-defense.

The second enumeration of error is without merit. In a trial for murder, the court may in his discretion charge the law of voluntary manslaughter if as a matter of law he is of the opinion that slight evidence of voluntary manslaughter has been presented to the jury. *Henderson v. State,* 234 Ga. 827 (218 SE2d 612) (1975). However, his

failure to do so without a *written* request is not error. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976); *Maher v. State,* 239 Ga. 305, 307 (5) (236 SE2d 647) (1977).

Both enumerations of error being without merit, the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 20, 1978 — DECIDED
FEBRUARY 28, 1978.

*Wynn Pelham,* for appellant.

*Bryant Huff, District Attorney, Dawson Jackson, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.