68467. JONES et al. v. THE STATE.
(323 SE2d 174)

Birdsong, Judge.

Ellie Jones, Hershell Pless, Robert Golden, Bobby Lancaster, and Jeff Smallwood were charged with the crime of aggravated sodomy upon the person of a fellow prisoner while all were incarcerated in a common holding cell at the diagnostic center of the Georgia prison system. Jones, Pless, Golden, and Lancaster were convicted as charged and Smallwood was convicted of simple battery. Jones, Pless, and Golden were sentenced to serve 20 years consecutive to any sentences then being served. Jones, Pless, and Golden bring their common appeal enumerating three asserted errors.

The facts relevant to the sodomy charge reflect that the victim was awakened at about 9:30 a.m. and found numerous prisoners surrounding his bed. The victim had been recently incarcerated and at the time was aged 19. He was told by Pless that it was a part of prison life to surrender the body and if the victim did not do so voluntarily, then the act would take place forcibly. When the victim resisted, there was evidence presented that Golden held a leg, Lancaster

held the other and other unidentified prisoners held his arms and otherwise overcame the victim's resistance. Jones first sought to commit the sodomy act but was unable to do so. Then Pless successfully completed the act. Golden, Lancaster, as well as Jones and Pless, were positively identified by the victim for their part in the act. There is no evidence that the victim consented in any way to what occurred. *Held*:

1. During the presentation of the victim's testimony, there was evidence developed that on the second day of trial while the prisoners were being brought to the courtroom in a prison vehicle (including the victim as well as other witnesses), the victim asked one of the prison employees accompanying the prisoners how he should answer a question which he could not answer either "yes" or "no." Other prisoners immediately cautioned that they (the witnesses) were not to discuss their testimony with anyone. Thus, no further question was asked nor was the victim's question answered. When this episode was developed on cross-examination, the appellants moved for a mistrial complaining of a violation of the rule of sequestration as well as prosecutorial misconduct.

We find no merit in this enumeration. There is no evidence that the prosecutorial staff was even present or otherwise involved in the question asked by the victim in any way. Moreover, there is no indication that testimony was discussed in any particular, or that the victim was given even a scintilla of advice as how to answer any question. An unanswered question asked of a state employee hardly could be characterized as prosecutorial misconduct. *Smith v. State*, 104 Ga. App. 217 (2) (121 SE2d 282). Even assuming moreover that the rule of sequestration might in some way have been violated, such a violation would not render the witness incompetent, but merely go to his credibility. *Jordan v. State*, 247 Ga. 328, 346-347 (10) (276 SE2d 224).

2. In their second enumeration of error, appellants complain that the trial court erred in allowing the prosecutor to examine Pless concerning the contents of a letter admittedly authored by Pless and addressed to a male prisoner but using a female appellation as to that prisoner. The appellants complain this placed character improperly into evidence. However, in sexually oriented offenses, evidence of prior acts is admissible to show lustful disposition and to corroborate the testimony of the victim as to the acts charged. Though this letter did not openly discuss a homosexual liaison, there was some substance to such a contention. It has been held that evidence of homosexuality (and indications of such sexual preferences) are admissible in a trial of aggravated sodomy. *Gunter v. State*, 163 Ga. App. 824 (2) (296 SE2d 622). See also *Felker v. State*, 144 Ga. App. 458, 459 (2) (241 SE2d 576). We find no error in the admission of this evidence; its weight was a question for the jury.

3. Appellants also contend that the trial court erred in refusing two separate charges, one concerning simple battery and the other concerning the principle that race could not be considered so as to deny the defendants a fair trial.

As to the omission to charge on simple battery, we find no error. Appellants denied that anything unusual had occurred at all with the exception that Smallwood had struck the victim one time during a dispute over an alleged indebtedness. Smallwood requested an instruction on simple battery, received it, and was convicted only of that offense. The other defendants conceded seeing Smallwood strike the victim but denied any participation in the battery. It hardly behooves appellants to complain that they should be entitled to a charge as to a lesser offense which they expressly denied committing or with having any involvement therein. See *Tuggle v. State*, 149 Ga. App. 844, 846 (256 SE2d 104); *Lundy v. State*, 139 Ga. App. 536, 540 (2) (228 SE2d 717).

While the charge requested as to the disregard of race in reaching a verdict is an abstractly correct principle of law, there was no evidence that the act charged was racially motivated. All jurors took an oath to try the case based solely on the evidence and facts presented. There is no allegation that any of the jurors violated that oath. Each juror was properly qualified. While the requested language certainly is not inappropriate in an appellate decision, it may well be inappropriate in a criminal trial especially where such an issue is not raised, and indeed may even be confusing to the jury. We find no error in the failure to give the requested charge. *Griffin v. State*, 154 Ga. App. 261, 262 (2) (267 SE2d 867).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 7, 1984 —
REHEARING DENIED OCTOBER 10, 1984

*Ronald M. Adams*, for appellants.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney*, for appellee.