77795. LANCASTER v. THE STATE.
(379 SE2d 786)

BENHAM, Judge.

In 1983, appellant and others were convicted of aggravated sodomy of a fellow prisoner while they were all incarcerated at a diagnostic center. See *Jones v. State*, 172 Ga. App. 347 (323 SE2d 174) (1984). Appellant's motion for new trial was denied in February 1985. He moved for an out-of-time appeal, and the trial court granted his motion in May 1988. This appeal followed.

1. Appellant claims that a portion of the jury charge was coercive and unrelated to the question of his guilt or innocence. However, when the trial court asked for objections to the charge, appellant stated some objections but did not mention the portion of the charge to which he now objects, nor did he reserve the right to object in a motion for new trial or an appeal. By failing to do so, he waived his right to assert error at this time. *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980). Appellant's waiver notwithstanding, we have reviewed the charge but find that it was not harmful as a matter of law. OCGA § 5-5-24 (c).

2. One of appellant's co-defendants had written a letter to a male prisoner but used the name "Marsha" to address him. The trial court allowed the letter to be introduced as evidence of the co-defendant's homosexuality. *Jones*, supra, Division 2. Appellant contends, as did his co-defendants, that the letter was unduly prejudicial, and relies on *Rini v. State*, 235 Ga. 60 (218 SE2d 811) (1975), and 236 Ga. 715 (225 SE2d 234) (1976), for the proposition that "[e]vidence of the commission of a crime other than the one charged is generally not admissible." *Rini*, 235 Ga. at 65. That case goes on to note that there are exceptions to that general rule; and in *Rini*, 236 Ga. at 717, the Supreme Court held that while certain evidence of homosexuality unrelated to the murder for which the defendant was being tried could not be introduced, other evidence of homosexuality was introduced to

prove motive and was admissible for that reason. The evidence of the co-defendant's homosexuality was admissible in the context of a trial for aggravated sodomy. *Gunter v. State*, 163 Ga. App. 824 (2) (296 SE2d 622) (1982). We find no error.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1989.

*Winslow H. Verdery, Jr.*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.